COUCH, administrator, *vs.* COUCH.

1. Suit may be brought in this state on any written promise, by attaching a copy to the declaration, and it is not necessary in the body thereof to set out the stipulations of the contract in order to introduce it in evidence.

2. In a suit on a written promise no plea was filed ; at the time of the trial the defendant was dead ; his administrator proposed to show a conversation had by the deceased with a third party concerning a settlement of the liability :

*Held*, that the evidence was properly rejected.

3. A husband executed to his wife the following instrument :

"$600.00—Twelve months after date I promise to pay Malvina Couch, six hundred dollars for cash money loaned to me, and if not paid punctually she is to have six shares paid-in stock in the Griffin and North Alabama railroad, with coupons and interest.  This March 28th, 1874.

        [Signed]              J. M. COUCH,
                        Trustee for Malvina Couch."

*Held*, that under this contract, turning over the stock and receipt of dividends was not equivalent to payment.

Pleadings.    Evidence.    Contracts.    Before Judge WRIGHT.    Baker Superior Court.    May Term, 1880.

To the report contained in the decision and head-notes it is only necessary to add that there was evidence tending to show that the railroad stock mentioned in the contract had been received by Mrs. Couch and some dividends collected ; and also, that it was of small value at first, and depreciated to nothing.

A. L. HAWES; H. MORGAN, for plaintiff in error.

E. C. BOWER; BUSH & LYON, for defendant.

CRAWFORD, Justice.

This suit was brought in the superior court of Baker county upon the following paper:

"$600.00.

"Twelve months after date I promise to pay Malvina Couch, six hundred dollars for cash money loaned to me, and if not paid punctually she is to have six shares paid-in stock in the Griffin and North Alabama railroad, with the coupons and interest. This March 28th, 1874.

[Signed]                              J. M. COUCH,
                          Trustee for Malvina Couch."

The declaration was in the statutory form with a copy attached. There was no plea filed, the verdict of the jury was for the full amount claimed, the defendant, upon being refused a new trial, excepted.

The assignments of error material to a judgment of this court are

1. That the court erred in admitting the contract sued on in evidence, over defendant's objection, when the declaration did not set out the stipulation therein contained. Under the law of pleading in this state, the plaintiff may set out his cause of action against the defendant on a "written promise of any description by adding a copy of which, with the indorsers, if any, and the credits thereon," and it is sufficient. This paper being a written promise, and having a copy thereof added to his declaration, clearly authorized the admission of the paper to the jury. Code, §3391.

2. That the court erred in rejecting the evidence of R. B. Odom, who was called to testify to a conversation had with J. M. Couch in reference to a settlement of the matter with the plaintiff.

J. M. Couch was the maker of this contract. He was dead. No evidence of any settlement of the matter had

been put in issue by any plea of the defendant, nor was there any testimony of any conversation put in by the plaintiff, and we are unable to see upon what legal ground the testimony of this witness was admissible.

3. The errors complained of in the judge's charge are, that if the husband borrowed the money from his wife and she agreed to receive, in full satisfaction, this railroad stock, she would have the right to repudiate it if she desired and recover the money; and that under the contract, as he construed it, the railroad stock was not payment of the liability; and further, that the delivery of the stock and the collecting of the dividends would not be a payment of the original note, and she would be entitled to recover the principal and interest found to be due.

Concurring with the judge in his construction of this contract, that the railroad stock was not to be in payment of the liability incurred thereon, and that the plaintiff was entitled to recover whatsoever was due, and there being no plea of payment or settlement of the obligation by the defendant, the error complained of as to the right of the wife to repudiate any agreement of that sort would not change the verdict, and therefore the judgment must stand affirmed.

Judgment affirmed.