## LUPO *v.* TOWN OF FRAZIER.

1. Where the defendant in two separate judgments was present and a bidder at a sheriff's sale of his property, and had notice that the sale was being had under both judgments, and made no objection, except that he had on that day previously bid off the land which the sheriff was reselling because of his failure to comply with his bid, and he afterwards accepted from the sheriff the overplus from the proceeds of the sale, after deducting the amount of the judgments, costs, and expenses of

sale, with knowledge that the amount received was such overplus, and the sheriff, after the sale, on the day thereof, delivered to the purchaser, who was the attorney for the plaintiffs in both judgments, his deed to the land, and made, on the execution issued upon one of the judgments (which judgment the defendant sought to set aside), an entry reciting the sale under both judgments and the disposition of the entire proceeds of the sale, *Held:*

(a) The judgments are settled so far as concerns the defendant, and he can not complain that the purchaser at such sale has not paid to the sheriff any of his bid except enough to cover costs, expenses of sale, and such overplus, or that the plaintiffs have received no money from such sale.

(b) Such defendant can not, after such sale and the acceptance of such overplus, have granted a motion to set aside one of the judgments, though such motion was pending at the time of the sale and this fact was known to the purchaser.

2. The record does not disclose any reason why the judgment refusing to set aside the judgment should be disturbed.

Argued January 14,—Decided March 27, 1908.

Motion to set aside judgment. Before Judge Martin. Pulaski superior court. February 14, 1907.

The Town of Frazier brought suit upon a bond given by R. N. Lupo, as clerk and treasurer of the Town, and obtained a verdict and judgment at the August term, 1905. No motion for a new trial was made, or bill of exceptions taken, but during the term Lupo made a motion to set aside the verdict and vacate the judgment, without asking for or obtaining a supersedeas. Upon the judgment an execution was issued, and it was levied upon a lot of land of the movant. An execution, issued upon a judgment against him in favor of J. B. Carroll, was levied upon the same land, and the land was advertised and offered for sale, and sold, under both of these judgments. Before the land was sold, Lupo made an offer to H. L. Grice, who was attorney for the plaintiffs in both judgments, to pay the judgment in favor of Carroll, upon conditions, one of which was that the land would not be sold under the other judgment; which offer was refused. At the sale Lupo bid on the land, and it was knocked off to him. He then told the sheriff that he could not pay for the land until later in the day; whereupon the sheriff told him that he would sell it again, and Lupo said he would bid it in as often as the sheriff put it up for sale. The sheriff then proceeded to offer the land for resale on the same day. At the second sale H. L. Grice bid $825, which

was the highest ·bid except one of $900, offered by Lupo, which latter bid the sheriff refused to cry, unless accompanied by the money or a certified check; and the land was knocked off to Grice,. to whom the sheriff, on the day of sale, made a deed in the usual form, reciting, that the land was levied upon under both judgments. and was knocked off to Grice, who was the highest and best bidder, for $825, and that this sum had been paid by him to the sheriff before delivery of the deed. On the day of the sale the sheriff made an entry on the execution in favor of the Town of Frazier,. reciting the fact of the two levies, that the land was sold under both judgments, the amount the land brought at the sale, the disposition of the money, the payment of the two judgments in full to the attorneys of record for the plaintiffs in both executions, and that the balance of the proceeds of the sale, which was $75.40,. was that day paid by him to Lupo. The sheriff testified, that on the day of the sale he offered this $75.40 to the attorney for Lupo,. who refused it, and that he then paid it to Lupo, and told him what he was paying it to him· for, and Lupo received it. There was ' testimony by the sheriff and others that Lupo, when he received the money, was not drunk; while the testimony of Lupo and his. witnesses was that when the money was paid to him he was drunk. Lupo testified, that ever since he discovered, a short time after the day of the sale, that the sheriff had paid him· the overplus, he had been ready to pay the money back to the sheriff or Grice, ·and that he had it then; and on the hearing of the motion he tendered the amount, with interest, in open court, to the attorney for the Town of Frazier, the sheriff, and the purchaser, who refused it. He then offered to leave it with the clerk of the court, and the court declined to direct the deposit of the money with the court, or to· direct any disposition of it. The sale occurred on April 3, 1906,. pending the motion to set aside and vacate the verdict and judgment. The hearing of the motion was concluded on. February 14,. 1907. The court denied the motion, and the movant excepted.

*H. M. Boyer, H. E. Coates, John P. Ross,* and *J. E. Hall,* for plaintiff in error.

*Tomlinson Fort, H. L. Grice,* and *W. L. Grice,* contra. ·

HOLDEN, J. (After stating the facts as above.)

1. According to the testimony of H. L. Grice, the movant knew, the day before the sale of his property and on the morning

of the sale, that it was advertised to be sold under the judgment in favor of the Town of Frazier, as well as under the judgment in favor of J. B. Carroll; for the movant approached him on these two occasions and offered to pay the Carroll judgment upon conditions, one of which was that the land would not be sold under the judgment in favor of the Town. With knowledge that the land was being sold under the judgment in favor of the Town, as well as under another judgment, the movant bid at the sale, and accepted the overplus from the proceeds of the sale, which was the amount left after paying the sum due on both judgments, the costs, and the expenses of the sale, with knowledge of the fact, at the time of accepting the overplus (according to the testimony of the sheriff), that the amount paid him was such overplus. Under these facts, the movant can not insist on his motion to set aside the judgment in favor of the Town, although such motion was pending at the time of the sale, and that fact was known to the purchaser thereat. After the sale the sheriff made to the purchaser a deed to the land, in which it was recited that the land was sold under both judgments; and made, on the execution in favor of the Town, an entry with the same recitals and reciting that out of the purchase-money the amount due on the two judgments had been paid to the attorneys of record of the plaintiffs in execution, and that the balance of the proceeds, after payment of the costs and expenses of sale, was paid to the movant. Under the facts above stated, as far as concerns the movant, the judgment in favor of the Town is settled, and any question that might arise as to whether the purchaser, who was one of the attorneys for the plaintiffs in both fi. fas., had paid any money to the sheriff, or to his clients, the plaintiffs in fi. fa., is a matter between parties other than the movant, and one with which the movant has no concern, as the judgment in favor of the Town can never be operated again against the movant's property. *Jinks* v. *American Mortgage Co.,* 102 *Ga.* 694 (28 S. E. 609); *Willbanks* v. *Unlriner,* 98 *Ga.* 801 (25 S. E. 841); *Pinkston* v. *Harrell,* 106 *Ga.* 102 (31 S. E. 808, 71 Am. St. R. 242). The movant, with full knowledge of all the facts, having bid at the sale and accepted the overplus above referred to, can not insist upon setting aside a judgment upon which the sale was in part based and which has been settled out of the proceeds of the property.

There was evidence for and against the contention of the movant, that he was drunk when the overplus was paid to him by the sheriff, but there was sufficient evidence to sustain the finding that he was then sober and knew what money was paid him, and why it was paid him.

2. The court committed no error in excluding the declarations of Lupo the day after the money was paid him, to the effect that he knew nothing about its having been paid him. These declarations were self-serving and were properly excluded. No error was committed in overruling the demurrer of the movant, or in excluding the evidence referred to in the assignments of error as having been excluded over his objections.

There are other questions made by the record in this case, and other evidence than that set out in the statement of facts, but the conclusion arrived at makes it unnecessary to consider them. The record discloses no reason why the judgment refusing to set aside the judgment should be disturbed, and the same is

*Affirmed. All the Justices concur.*