### JENKINS v. PHILIPS, administrator, et al.

BELL, Justice. 1. This is the second appearance of this case. In *Jenkins* v. *Elliott,* 180 *Ga.* 303 (178 S. E. 702), it was held that the court erred in excluding certain testimony "upon the sole objection that said testimony was a communication between the witnesses and the deceased," but it was said in the opinion that the evidence might have been inadmissible for other reasons "had they been given." The evidence related to statements by a person since deceased, indicating that she had paid the notes involved in the litigation. They referred to past transactions,

and were not made in the presence of the holder. Upon the subsequent trial the testimony was objected to on the ground that the statements were hearsay and self-serving. The court sustained the objection and excluded the testimony. *Held,* that the court did not err in so ruling. *Shaw* v. *McDonald,* 21 *Ga.* 395 (3); *Royston* v. *Royston,* 29 *Ga.* 82 (6); *Couch* v. *Couch,* 65 *Ga.* 748 (2); *Dozier* v. *McWhorter,* 117 *Ga.* 786 (4) (45 S. E. 61); *Lupo* v. *Frazier,* 130 *Ga.* 409 (2), 413 (60 S. E. 1003); *Norton* v. *Aiken,* 134 *Ga.* 21 (6) (67 S. E. 425); *Collier* v. *Blake,* 16 *Ga. App.* 382 (4) (85 S. E. 354).

2. Under the issues developed by the pleadings, the plaintiff was not harmed by the introduction of the deeds which were executed to secure the notes in question; and this is true despite the plaintiff's contention that the notes themselves were not satisfactorily accounted for.

3. The plaintiff contended that the notes had been paid, and sought to cancel the security deeds. The defendant denied the allegations as to payment, and testified that his failure to produce the notes was due to the fact that they had been burned without fault on his part. The plaintiff in her motion for a new trial assigned error upon the failure of the court to charge "that failure to produce the notes by the defendant raised a presumption that said notes had been paid, and that the burden was on the defendant to overcome this presumption." Assuming that such a charge would have been correct, the issue referred to was only collaterally involved; and the failure to give such instruction, in the absence of a proper written request, was not cause for new trial. *Cooper* v. *Nisbet,* 119 *Ga.* 752 (3) (47 S. E. 173); *Branch* v. *Bishop,* 135 *Ga.* 110 (2) (68 S. E. 1021); *Knapp Manufacturing Co.* v. *Cook,* 171 *Ga.* 330 (2) (155 S. E. 321); *Bishop* v. *Georgia National Bank,* 13 *Ga. App.* 38 (4) (78 S. E. 947).

4. The evidence authorized the verdict for the defendant, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur, except Hutcheson, J., disqualified.*

No. 11269.   MAY 14, 1936.

*McElreath, Scott, Duckworth & DuVall,* for plaintiff.
*B. H. Burgess,* for defendants.