## LYNN *v.* LYNN.

CANDLER, Justice.   The court awarded custody of a minor child to its mother for the months of September to May, inclusive, and to its father for the months of June, July, and August.   The award to the father was upon the condition that he furnish transportation for the child to and from his home and the mother's home; that he abstain from drinking intoxicants or appearing under the influence of the same in the presence of the child; that the child be kept in the home of its paternal grandparents; and that the award be fully vested in the mother in the event of the death of both the paternal grandparents before the child reaches majority.   The mother excepted on the ground that such award was contrary to law and the evidence, and an abuse of the discretion vested in the trial judge.   *Held:*

1. "In cases between parties involving the custody of their minor children, the rule is established that the judge exercises a sound legal discretion, looking to the best interest of the child or children, and that this court does not interfere with his judgment unless that discretion appears to have been abused.   Code, §§ 30-127  . .  74-107." *Willingham* v. *Willingham,* 192 *Ga.* 405 (15 S. E. 2d, 514).

2. Under the evidence in the present case, it cannot be said as a matter of law that the trial judge abused the discretion vested in him, and his judgment will not be controlled by this court.

*Judgment affirmed.   All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 15970.   OCTOBER 17, 1947.

*H. H. Elders,* for plaintiff.
*John P. Rabun* and *M. W. Eason,* for defendant.