JEFFREY *v.* JEFFREY.

No. 16774. OCTOBER 11, 1949.

*Ernest H. Stanford* and *Marvin O'Neal Jr.,* for plaintiff.
*Mitchell, Mitchell, Bolling & Mitchell,* for defendant.
ATKINSON, Presiding Justice. (After stating the foregoing

facts.) ■ It is insisted that the verdict is excessive. There was evidence that, though the husband's base pay was larger, his net "take-home" pay was $100.35 per week. That he had to travel most of the time and was allowed $6 per day expenses while away from his headquarters, though the $6 per day was two or three dollars less than his expenses incurred. His estimate was that he was away about 17 days a month. Computing his weekly pay into monthly pay, it would be $434.20 per month, $34 of which would be used to cover expenses at $2 per day while away from headquarters. His net earnings, in addition to his living expenses being paid for 17 days of each month, would therefore be $400.35.

As to the wife, there was evidence that she was earning $160 per month. She stated: "I have only a temporary appointment, and I understand that those temporary appointments will terminate between now and the first of the year."

The question of alimony can not be determined by a mathemathical formula, as the facts and circumstances in each case are different. The jury is allowed a wide latitude in determining the amount to be awarded, and we can not say that the verdict of $150 per month in the instant case is, as a matter of law, excessive.

■ Error is assigned upon the following charge: "As set out in the answer of the defendant, gentlemen, that she contends that there was nothing to be condoned or forgiven, but if there had been such acts that they were condoned by the plaintiff in this case by their resuming the marital relationship and cohabiting on or about the 26th of November, 1946. If you find that there was such marital relationship existing or did exist between the parties on the date of November 26, 1946, then I charge you that would be what the law terms condonation of any alleged cruelty, and it would defeat the plaintiff in his claim for divorce. If there was either no such acts of condonation, or you do not find from the evidence that the alleged acts of condonation, by resuming marital relationship [took place], then it would be a question for you to decide whether or not the acts, from the evidence in this case, was such cruel treatment as, under the terms of the law as I have given you in charge, constituted cruel treatment sufficient to grant a divorce to the plaintiff."

The wife had testified that subsequently to the acts which the husband relied upon as constituting cruel treatment, and after the separation, she spent several hours with him alone in a hotel room, and further stated: "When I was there in the hotel room with Mr. Jeffrey that night, Mr. Jeffrey and I had marital relations, and he further told me I must say that never took place, then I realized he hadn't come back for a reconciliation; after the relationship took place, he said, you must say this never happened; I told him I would do nothing of the kind."

Under the Code, § 30-109, it is provided that, where there has been voluntary condonation and cohabitation subsequent to the acts complained of, then no divorce should be granted. In view of this evidence, it was proper to charge on the law of condonation, and though in the latter part of the above-quoted charge there is an awkward or incomplete expression, it is not such as would mislead or confuse the jury and be injurious to the plaintiff for any reason assigned.

*Judgment affirmed. All the Justices concur.*