ARMSTRONG *v.* ARMSTRONG *et al.*

No. 16942. FEBRUARY 16, 1950.

*A. T. Walden*, for plaintiff in error.

*M. L. Kingloff, W. S. Northcutt,* and *Durwood T. Pye,* contra.

ALMAND, Justice. Mrs. Erma Dillard Armstrong filed a suit for divorce and permanent alimony against Joseph Armstrong. He was personally served with a copy of the petition and process, but filed no defensive pleadings. In her petition, ·the plaintiff alleged that she was the owner and had title to real estate known as 305 Ashby Street, in Atlanta, and to the furniture and furnishings located therein. Her prayers were for a total divorce, permanent alimony, an injunction restraining the defendant from coming about her home, and general relief. A final judgment for divorce was entered by the court without the intervention of a jury, in favor of the plaintiff, on May 10, 1949, and on this judgment it was decreed that the plaintiff had title to the property described in the petition. On July 25, 1949, the defendant filed a motion in said case, praying that so much of the judgment as decreed title to the real and personal property in the plaintiff be vacated and set aside, and that the plaintiff be enjoined from prosecuting a pending proceeding in the Civil Court of Fulton County to dispossess the defendant from the premises at 305 Ashby Street. In this motion, it was asserted that the judgment should be set aside for two reasons: first, because the petition of the plaintiff contained no prayer for adjudication of property rights, and the court was unauthorized to decree title in the plaintiff to the real and personal property; and second, because the plaintiff had perjured herself in

testifying that she paid for these properties from her own funds, thereby committing a fraud upon the court. The motion of the plaintiff to dismiss the defendant's motion to modify the judgment was sustained, and exceptions to this order bring the case here for review.

■ "A judgment may not be arrested or set aside for any defect in the pleadings or record that is aided by verdict or amendable as matter of form." Code, § 110-705. The plaintiff in her petition alleged that she was the owner of and had title to the property known as 305 Ashby Street, Atlanta, and to the personal property located therein; and the omission of a specific prayer that the title be decreed in her was an amendable defect, and the want of such prayer was cured by the judgment. *Fitzpatrick* v. *Paulding*, 131 *Ga.* 693 (63 S. E. 213) ; *Worthy* v. *Farmers Life Confederation*, 139 *Ga.* 81 (1) (76 S. E. 856) ; *Wilson* v. *Groover*, 146 *Ga.* 369 (1) (91 S. E. 113) ; *Auld* v. *Schmelz*, 199 *Ga.* 633 (1) (34 S. E. 2d, 860).

The defendant raises no point as to whether the plaintiff could determine such an independent question of title in a divorce proceeding, but only contends that the petition contained no *prayer* that would authorize such determination; hence, that point is not now before us for decision. *Rogers* v. *Rogers*, 202 *Ga.* 329, 330 (43 S. E. 2d, 152).

■ "A petition asking that a verdict and decree be set aside because rendered on the perjured testimony of a named witness does not set forth a cause of action for that reason, where the petition also fails to allege that the witness has been duly convicted of . . perjury with respect to such testimony, and that the verdict and decree were based on that testimony alone. Code § 110-706." *Hubbard* v. *Whatley*, 200 *Ga.* 751, 757 (38 S. E. 2d, 738). The defendant's motion did not allege that the plaintiff had been convicted of the offense of perjury with respect to such testimony, and that the decree was based on her testimony alone. Therefore this ground was without merit.

The court committed no error in dismissing the defendant's motion to set aside the judgment.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., who dissents.*