### 18497.   DAY *v.* DAY.

Submitted February 9, 1954—Decided March 9, 1954.

*W. Harvey Armistead,* for plaintiff in error.

*James R. Venable,* contra.

SUTTON, Justice. 1. "A petition asking that a verdict and decree be set aside because rendered on the perjured testimony of a named witness does not set forth a cause of action for that reason, where the petition also fails to allege that the witness has been duly convicted of . . . perjury with respect to such testimony, and that the verdict and decree were based on that testimony alone." *Hubbard* v. *Whatley,* 200 *Ga.* 751, 757 (38 S. E. 2d 738); *Armstrong* v. *Armstrong,* 206 *Ga.* 540 (2) (57 S. E. 2d 668); Code § 110-706. The ground of the husband's motion to set aside the verdict and decree, because the wife perjured herself, is without merit for the reason that it fails to allege or show that the wife had been convicted of perjury.

2. "Condonation is forgiveness, either express or implied, by the husband of his wife, or by the wife of her husband, for some breach of marital duty, with an implied condition that the offense will not be repeated. A petition for divorce by the husband which alleges in effect that his wife's conduct during the entire time he lived with her was persistently quarrelsome and nagging, and that this grew worse from day to' day and year to year until they separated when it became unbearable, does not show condonation. The continuity of such conduct is what makes it cruel treatment within the meaning of our law." *Morris* v. *Morris*, 202 *Ga.* 431 (2) (43 S. E. 2d 639). And "Condonation and cohabitation after filing a suit for divorce, if conditioned upon the promise of the defendant not to again be guilty of the acts charged in the petition, will not prevent the plaintiff from proceeding with the original petition for divorce in the event of a breach of the condition and agreement on the part of the defendant." *Brewer* v. *Brewer*, 205 *Ga.* 759 (1) (55 S. E. 2d 147). Applying the above-stated principles to the facts of the present case, evidence that the alleged cruel treatment on the part of the husband grew steadily worse until it became unbearable, and that the separation took place because of such continuing treatment, did not show condonation as a matter of law.

3. "The failure to give instructions to the jury not demanded by the evidence will, in the absence of a written request to so charge, in no event be cause for a new trial." *Cooper* v. *Nisbet*, 119 *Ga.* 752 (3) (47 S. E. 173); *Jenkins* v. *Philips*, 182 *Ga.* 477 (3) (185 S. E. 812). Where, as here, there were neither pleadings nor evidence to demand a charge on condonation, it was not error in the absence of a timely written request to fail to charge on that question.

4. "Evidence discovered after the trial which, by using due diligence, might have been discovered before, will not authorize the granting of a new trial." *Taylor* v. *Perdue*, 206 *Ga.* 763 (2) (58 S. E. 2d 902). Accordingly, in the absence of any reason why the witnesses were not produced at the former trial, the husband's motion to set aside the verdict and decree, on the ground that, if given another opportunity to try the case before another jury, he could produce witnesses to disprove all of the alleged acts of cruel treatment, is without merit.

5. The jury is allowed a wide latitude in determining the amount of permanent alimony to be awarded. *Jeffrey* v. *Jeffrey*, 206 *Ga.* 41 (1) (55 S. E. 2d 566). And where, as here, the husband testifies that his take-home pay was $229 a month, that he frequently earned $5 a week in addition to his salary, that he drew $2,169 out of the bank the morning the divorce suit was filed, and where there was evidence that the wife, who was physically unable to work every week-end, earned $15.56 a week when she was able to work as a food demonstrator, this court will not hold that the verdict of $75 per month is, as a matter of law, excessive.

6. The evidence, though conflicting on the question of whether the husband committed the alleged acts of cruel treatment, was sufficient to support the verdict and decree granting a total divorce between the parties and awarding permanent alimony to the wife; and the trial court did not err in denying the husband's motion to set aside the verdict and decree.

*Judgment affirmed. All the Justices concur.*