### 21981.   GREENE v. GREENE.

SUBMITTED MARCH 11, 1963—DECIDED MARCH 25, 1963.

*William L. Preston, E. O. Dobbs, Jr.,* for plaintiff in error.

*D. M. Pollock,* contra.

ALMAND, Justice.   Lucille Greene filed her petition against Floyd Greene seeking a divorce together with permanent alimony, alleging cruel treatment as the grounds therefor.   The parties owned, as tenants in common, certain farm land and a farm house.   The plaintiff wife sought, as a part of her permanent alimony, to have decreed in her the title to the one-half interest of the defendant in the house, ten acres of surrounding land and the household and kitchen furniture.   The jury granted both parties a total divorce and awarded the plaintiff the household and kitchen furniture together with $40 a week permanent alimony. The jury left the defendant in possession of the house and farm land.   The defendant moved for a new trial on the usual general grounds, and by amendment alleged that a new trial should be granted to him because the award of alimony was excessive.   His amended motion was denied and the exception is to that judgment.   The sole question for decision is whether or not the alimony awarded was excessive.

The law is well established that "The question of alimony can not be determined by a mathematical formula, as the facts and circumstances in each case are different.   The jury is allowed a wide latitude in determining the amount to be awarded. . ." *Jeffrey v. Jeffrey,* 206 Ga. 41, 42 (55 SE2d 566).   See also *Day v. Day,* 210 Ga. 454 (81 SE2d 6).

From the evidence in this case, it was possible for the jury to find that the defendant husband earned between $85 and $100 a week at his salaried job and had an additional small source of income from farming, and that the defendant had inflicted such physical injuries upon the plaintiff that she was unable to work due to a nervous condition caused thereby. The jury verdict, which granted $40 per week permanent alimony to the wife along with the household and kitchen furniture and left the defendant in possession of the home and farm land which the parties owned as tenants in common, can not be said by this court to be excessive as a matter of law.

*Judgment affirmed. All the Justices concur.*