## 22893. HARPER v. HARPER.

DUCKWORTH, Chief Justice. 1. By his answer, as amended, the husband admitted liability for alimony and thereby reduced the case to the single issue of the amount. On this sole issue misconduct of the parties is irrelevant, and to instruct the jury to consider the conduct of either party toward the other is harmful and reversible error. *Hall v. Hall,* 220 Ga. 677 (141 SE2d 400). It follows that it was error to charge, as complained of in the special grounds, which instructed the jury in this case, involving only the amount of alimony, to consider the conduct of the parties in reaching a verdict.

2. The husband admitted the allegation that his property was worth $250,000 less liens which the evidence shows were approximately $35,000. And this is the only definite and legal evidence of its value. He refused to testify as to its value and gave only the prices he paid for it, amounting to approximately $100,000, and testified that he inherited a portion of it. The wife in no manner qualified as an expert witness but said it was worth $444,000. However, under sharp questioning she revealed no personal knowledge as to values but said another person had told her its value, and in collaboration with her counsel *they* arrived at the values alleged in her petition. Thus was demonstrated that she testified not from knowledge but from the opinions of others. Her testimony was no stronger than the hearsay upon which it was based, and that means that it was without probative value. Upon the trial, counsel for the husband sought to keep the value down and now he is seeking to show that it is high. Both positions were taken in the interest of his client and are proper, but the result of his first efforts was to defeat her claim of high values and that result must stand now. The evidence as to values was very uncertain and unsatisfactory, but this court can not say that the amount of 50% of the husband's property as alimony, allowed by the jury, is excessive. Without dispute, the wife was shown to suffer from arthritis, had been in the hospital three times, and that she was in poor health. The jury in such cases are not held to a fixed mathematical formula but have a wide latitude in fixing the amount of alimony. *Simmons v. Simmons,* 194 Ga. 649 (22 SE2d 399); *Jeffrey v. Jeffrey,* 206 Ga. 41 (55 SE2d 566); *Greene v. Greene,* 218 Ga. 744 (130 SE2d 722).

The other special ground being merely an elaboration of the general grounds, it likewise is held to be without merit. However, for the reason stated in Headnote 1, it was error to deny the amended motion for new trial.

*Judgment reversed. All the Justices concur.*

ARGUED MARCH 9, 1965—DECIDED MARCH 16, 1965.

*Gibson, McGee & Blount, Lamar Gibson, C. Winton Adams,* for plaintiff in error.

*Leon A. Wilson, II,* contra.