23436. HOLMES v. HOLMES.

SUBMITTED APRIL 11, 1966—DECIDED APRIL 19, 1966—
REHEARING DENIED MAY 5, 1966.

*Roy B. Rhodenhiser, Jr., Hugh Q. Wallace,* for appellant.

*Richard B. Thornton, Adams, O'Neal, Steele, Thornton & Hemingway,* for appellee.

GRICE, Justice. The issue here is whether an award of permanent alimony was excessive. It arose from a suit, filed in the Superior Court of Bibb County by Emmie S. Holmes against Louie F. Holmes, seeking a divorce and alimony for herself and their children, a boy age 14, and a girl age 12.

Besides granting a divorce to both parties, the jury awarded as alimony for the support of the wife $100.00 per month during the minority of the children and the home and furnishings. It also awarded alimony for the support of the children in the amount of $75.00 per month for each child until its marriage, gainful employment or majority. The husband's amended motion for new trial, complaining of the verdict, was denied. In the appeal the only issue is the amount of the alimony.

In reviewing the proceedings we are mindful of the rule that "The question of alimony can not be determined by a mathema-

tical formula, as the facts and circumstances in each case are different. The jury is allowed a wide latitude in determining the amount to be awarded . . ." *Jeffrey v. Jeffrey,* 206 Ga. 41, 42 (55 SE2d 566). See also, *Day v. Day,* 210 Ga. 454, 457 (81 SE2d 6).

The controlling factors to be considered are the necessities of the wife and children and the husband's ability to pay. *Wills v. Wills,* 215 Ga. 556 (4) (111 SE2d 355).

From the evidence adduced, the jury were authorized to find the facts which follow. The itemized necessities for the wife and children each month, including installment payments on the home, totalled $606.69. The value of the equity in the home did not appear. The husband was regularly employed at Robins Air Force Base with a gross salary amounting to $562.08 per month, and for several months during the previous year had additional employment by which he earned a small amount. His living expenses since the marital separation have amounted to $150 per month. At the time of the hearing the wife was temporarily employed at $306.66 monthly, but she expected her job to terminate on that day.

In view of these facts, we cannot say that the verdict of alimony was excessive as a matter of law.

*Judgment affirmed. All the Justices concur.*