23594, 23595. BROWN v. BROWN; and vice versa.

Argued July 14, 1966—Decided September 8, 1966.

*Turner, Turner & Turner, Jack P. Turner, Malcolm J. Hall, Smith, Currie & Hancock,* for appellant.

*Zachary & Hunter, W. E. Zachary,* for appellee.

Cook, Justice. Dr. Nelson H. Brown filed an action for divorce against his wife, Sara Elizabeth Powell Brown, on the ground of cruel treatment. He sought custody of the minor son of the parties, Nelson H. Brown, Jr., who was eight years old

at the time of the filing of the action. The wife filed a cross petition for divorce, on the ground of cruel treatment, and sought custody of the child. The jury returned a verdict in favor of the wife, and awarded alimony for her support, and for the support of the child. The trial judge awarded custody of the child to the father, with specified rights of custody in the mother. Mrs. Brown appealed from the provisions of the judgment awarding custody of the child to the father. Dr. Brown, by cross appeal, assigned error on the alimony award, as being excessive, and on the charge of the judge that "the jury has a very wide discretion dealing with the question of the alimony."

■ *Code* § 30-127, as amended (Ga. L. 1957, pp. 412, 413; Ga. L. 1962, pp. 713, 714), provides in part as follows: "In all cases of divorce granted, the party not in default shall be entitled to the custody of the minor children of the marriage. The court, however, in the exercise of a sound discretion, may look into all the circumstances of the parties, and, after hearing both parties, make a different disposition of the children, . ." It is contended by counsel for the mother that this statute required the trial judge to award custody of the child to her, since the jury found that she was "the party not in default."

*Code* § 74-107, as amended (Ga. L. 1957, pp. 412, 413; Ga. L. 1962, pp. 713, 715), provides in part as follows: "In all cases where the custody of any minor child or children is involved between the parents, there shall be no prima facie right to the custody of such child or children in the father, but the court hearing such issue of custody may in exercise of its sound discretion, taking into consideration all the circumstances of the case, . . . as to whose custody such child or children shall be awarded, the duty of the court being in all such cases in exercising such discretion to look to and determine solely what is for the best interest of the child or children, and what will best promote their welfare and happiness, and make award accordingly. . ." This court has construed §§ 30-127 and 74-107 together in decisions involving the custody of minor children in divorce actions, and has recognized the right of the trial judge to exercise a sound legal discretion, looking to the best interest of the child or children, in awarding custody of the children.

*Lynn v. Lynn,* 202 Ga. 776 (44 SE2d 769); *Adams v. Adams,* 206 Ga. 881 (59 SE2d 366); *Speer v. Speer,* 217 Ga. 341 (122 SE2d 84).

In *Everritt v. Everritt,* 217 Ga. 425 (122 SE2d 920), it was held: "This being a contest between a mother and father over their minor child, and the evidence respecting the fitness of the parties being in conflict, the discretion of the trial judge in making an award will not be controlled by this court." An examination of the record in the *Everritt* case reveals that the trial judge awarded the custody of the child to the mother for a major portion of the year, whereas the jury had found a verdict for the father in the divorce action.

The case of *Mills v. Mills,* 218 Ga. 686 (130 SE2d 221), relied on by counsel for the mother in the present case, involved an issue of custody between a father and maternal grandparents.

Under the evidence in the present case the trial judge was authorized to find that both parents were morally fit to have the care of their minor son (an adopted child). The custody award allowed the mother to have the child several days during each month and a month during each summer. There was evidence that the mother had been under the care of a psychiatrist because of depression since the separation of the parties. The father testified that on one occasion since the separation he had been compelled to cancel an important business trip by reason of the fact that the mother, who then had custody of the child, called him and asked him to come and get the child, because she could not take care of him. There was evidence that the mother at one period since the separation had been unable to require the child to attend school, and had called on the father to take him, which the father had done. The father had temporary custody of the child at the time of the hearing on custody, and there was ample evidence that the child was well adjusted in his father's home and in the school he was attending.

Under all of the evidence, we can not say that the trial judge abused his discretion in finding that the best interest of the child might be served by placing him in the custody of the father, and we affirm the judgment on the main appeal.

■ On the cross appeal error is assigned on the charge that

"the jury has a very wide discretion dealing with the question of the alimony." No exception was made to this charge at the time of the trial, but it is asserted that it was a substantial error which was harmful to the cross appellant as a matter of law.

The judge charged the jury that if they found the wife entitled to permanent alimony, they would consider her needs, the ability of the husband to pay, the property that either or both of them have, their earnings, and the standard of living maintained by the parties prior to the separation. The portion of the charge complained of was the conclusion of the instructions on the manner in which alimony could be awarded, that is, in a lump sum, installment payments, etc.

This court has held that the jury is allowed "a wide latitude" in determining the amount of permanent alimony to be awarded. *Jeffrey v. Jeffrey,* 206 Ga. 41, 42 (55 SE2d 566); *Day v. Day,* 210 Ga. 454, 457 (5) (81 SE2d 6); *Greene v. Greene,* 218 Ga. 744 (130 SE2d 722); *Harper v. Harper,* 220 Ga. 770 (141 SE2d 403). The charge as given in the present case was not erroneous.

■ The wife introduced in evidence the federal income tax returns of the husband for the years 1962, 1963, and 1964. These returns showed the net earnings of the husband, before the payment of taxes, to be $15,011.72 in 1962; $25,159.09 in 1963; and $21,425.85 in 1964. According to the husband's testimony, his projected income for 1965, based on the earnings of the first six months, would be $21,534.72. He testified that his cash balance was $10.74, and that his liabilities exceeded his assets by several thousand dollars.

The verdict of the jury, which was made the judgment of the court, awarded the wife the equity in the home. It required that the husband establish a trust fund, with monthly payments of $100, for the education of the child. It awarded permanent alimony of $740 per month to the wife, and required that the husband pay the premiums on life insurance and hospitalization insurance then in force, in which the wife was beneficiary, and that he retain the wife as beneficiary. The premiums on the life insurance policies total $1,638.59 annually. These premiums and the award of $8,880 a year for the wife's support make a total of slightly less than one-half of the husband's projected

■

income for 1965, and slightly more than one-half of the average of his income for the three years previous thereto.

We think this amount was excessive under the evidence in the case. The husband would thus be required to support himself and the child, and make an annual payment of $1,200 into a trust fund for the child's education, on approximately one-half of his income. The record does not show any special circumstances of the wife requiring this disproportionate part of the husband's income.

The judgment on the cross appeal is reversed, with direction that a new trial be held only as to the question of alimony.

*Judgment affirmed on the main appeal; reversed with direction on the cross appeal. All the Justices concur.*