23878.   THOMASON v. THOMASON.

ARGUED JANUARY 9, 1967—DECIDED FEBRUARY 9, 1967.

*Strother, Strother, Spence & Heist, Glenn H. Strother*, for appellant.

*George T. Bagby, Hall & Hall, William V. Hall, Sr.*, for appellee.

COOK, Justice.   In the divorce action by Mrs. Orene Thomason against Herschell Thomason, a divorce was granted to the

plaintiff, and permanent alimony was awarded by the jury of $80 per month for eight years for her, and $80 per month, payable to her, for the support of the minor daughter of the parties, until the child marries, becomes of age, or becomes self-supporting. The plaintiff appealed from the verdict and judgment for alimony, contending that the alimony awarded is inadequate and wholly insufficient for her support, and for the support of the child. A number of specifications of error were enumerated, but counsel for the plaintiff in oral argument stated that he did not insist on the other grounds of error enumerated.

Where a wife is entitled to alimony, her necessities and the husband's ability to pay are the controlling factors in making an allowance for alimony. *Wills v. Wills*, 215 Ga. 556 (4) (111 SE2d 355). This court can not approve an award of alimony which is grossly excessive, or grossly inadequate. However, the jury is given a wide latitude in determining the amount of permanent alimony to be awarded. *Jeffrey v. Jeffrey*, 206 Ga. 41, 42 (55 SE2d 566); *Day v. Day*, 210 Ga. 454, 457 (5) (81 SE2d 6); *Greene v. Greene*, 218 Ga. 744 (130 SE2d 722); *Harper v. Harper*, 220 Ga. 770 (141 SE2d 403).

The defendant in the present case testified that he made seven or eight thousand dollars in the year 1965, but stated that he was at that time working overtime and was temporarily on a job with a higher pay scale than the one he was presently on. He had been in the hospital in May before the trial in October, and testified that he still owed a bill to his doctor. His home had indebtedness on it. The plaintiff testified that she had worked during a part of her married life, but that she had arthritis and was now unable to work. She stated that the minimum on which she and her daughter could live would be $60 a week.

We can not say as a matter of law that the amounts awarded as alimony for the wife and child were so grossly inadequate as to require a judgment of reversal.

*Judgment affirmed. All the Justices concur.*