## 25193. McCARTHY v. McCARTHY.

FRANKUM, Justice. This is an appeal from the judgment of the superior court rendered on the verdict of the jury awarding to the plaintiff $15 per month as permanent alimony and $50 per month child support for the minor child of the parties.

1. The first contention of the appellant is that the amount awarded was so inadequate as to show bias or prejudice on the part of the jury. The controlling factors to be considered by the jury, in making an award of permanent alimony and child support, are the necessities of the wife and the husband's ability to pay. Robertson v. Robertson, 207 Ga. 686, 688 (63 SE2d 876) and citations; Hilburn v. Hilburn, 210 Ga. 497, 501 (81 SE2d 1); Thomason v. Thomason, 223 Ga. 90 (153 SE2d 716). In this case, the evidence respecting the ability of the husband to pay and the necessities of the wife and the child were not in dispute. The wife testified as to her earnings and the various items of monthly expenses which she had and anticipated having. Under one view of the evidence, the jury was authorized to find that with her earnings alone the plaintiff would be approximately $42 short of being able to meet her expenses for bare necessities, with no allowance for luxuries or incidentals, and that the defendant would have left, after meeting his anticipated expenses, approximately $38 available for paying alimony and child support. The jury awarded the gross amount of $65 per month for alimony and child support. This was within the range of the evidence respecting adequacy, and we cannot say under all the facts and circumstances that the amount awarded was so inadequate as to indicate bias or prejudice.

2. The portions of the charge of the court with respect to the right of the plaintiff to recover alimony and child support being dependent upon her being without fault in the controversy between herself and her husband, while not technically accurate, do not appear to have been harmful error. Under those charges the jury would have been required to deny to the plaintiff any alimony and any child support if they found in accordance with the charges. The jury did not do this, but awarded alimony and child support, and it is obvious, therefore, that the jury did not consider that the evidence authorized them to apply these portions of the charge. It follows that the appellant's second and third grounds of enumerated error are without merit.

3. Appellant's fourth enumeration of error relates to the refusal of the court to permit counsel for the plaintiff to elicit from the plaintiff testimony respecting the action of the defendant, prior to the commencement of this proceeding, in reducing by one-half the amount of child support he had been paying the plaintiff. This testimony was not relevant to any issue in this case, and was properly excluded.

4. The final ground of enumerated error relates to the refusal of the court to permit counsel for the plaintiff to cross examine the defendant with respect to his having bankrupted against certain obligations prior to the commencement of this proceeding. The evidence brought out the fact that at one time the defendant had owed certain medical and hospital bills but that he no longer owed these, and they could not have been considered by the jury in determining the amount of alimony and child support awarded to the plaintiff. Under these circumstances, it was not material or relevant that the reason the defendant no longer owed these debts was because he had bankrupted, and the trial court did not err in excluding this evidence from the consideration of the jury.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 12, 1969—DECIDED MAY 22, 1969.

*Jay M. Sawilowsky,* for appellant.

*Harris, Chance & McCrackin, Kenneth R. Chance,* for appellee.