23746. RIGDON v. RIGDON.

ARGUED OCTOBER 11, 1966—DECIDED OCTOBER 20, 1966—
REHEARING DENIED NOVEMBER 3, 1966.

*Neville & Neville, W. J. Neville,* for appellant.

*Anderson & Sanders, Kravitch & Hendrix, Phyllis Kravitch,* for appellee.

DUCKWORTH, Chief Justice. While this court would disapprove any judgment denying a person the right plainly conferred prima facie by the first portion of *Code Ann.* § 30-127, yet in doing so we will not nullify the further provisions of that section which confer upon the judge the power to exercise a sound discretion in awarding the custody of children. As between parents the right of custody depends upon what will promote the welfare of the children. *Madison v. Montgomery,* 206 Ga. 199 (56 SE2d 292); *Hicks v. Buffington,* 209 Ga. 719 (75 SE2d 560); *Graham v. Graham,* 219 Ga. 193 (132 SE2d 66). This overrides the prima facie right conferred by the above section upon "the party not in default." That provision sim-

ply means that in the absence of proof of circumstances showing the children's welfare will be better served by awarding the custody to another party, the judge must under this mandate of law award custody to such party. But the further provisions of that section plainly empower the judge in the exercise of a sound discretion based on evidence, and not arbitrary, to place the children where in his judgment based upon evidence, their best interest will be served, although this might deny custody to the parent not in default in the divorce case.

Here, by prevailing in the divorce case the husband had the right under *Code Ann.* § 30-127 to the custody of the children, but this right is subject to the further provision of that section conferring upon the judge the power to exercise a sound discretion and thereby award custody. As applied in this case, while there is evidence that might create a suspicion as to the moral character of the wife it is nothing more than a suspicion and by no means proves her bad character. The whole story of her associations with another man fall completely short of showing any immoral act. Her use of contraceptives, which she freely admitted for a period of five years, proves nothing but that she did not wish to bear more children, and the plight of those she had already borne by the result of this divorce action proves her wisdom in not wishing to have others to meet this fate. Furthermore, by expressly allowing her to remarry and awarding alimony to her, the jury manifested their belief that she was not bad. And since the fourteen year old child chose, as he had the right to do, to stay with his mother (Ga. L. 1962, p. 713; *Code Ann.* §§ 30-127, 74-107), and as we have seen her character is not such as to defeat his choice, it might well have been the judgment of the court that the welfare of all the children would be best promoted by keeping them together rather than separating them.

This court can not hold that as a matter of law the judgment awarding custody of all the children to their mother, despite the fact that the father prevailed in the divorce suit, was arbitrary and without factual basis to justify the use of discretion.

*Judgment affirmed. All the Justices concur.*