23999. NEWMAN v. NEWMAN.

ARGUED MARCH 14, 1967—DECIDED APRIL 6, 1967.

*W. T. Mobley,* for appellant.

*Keith W. Benning, Calhoun & Kernaghan, William C. Calhoun,* for appellee.

COOK, Justice. Franklin Andrew Newman filed an action for divorce against Joy Patricia Newman on the ground of cruel treatment. He sought custody of their daughter (then nine months of age), in accordance with an agreement signed by the wife granting custody to him. The wife filed an answer and cross action on the ground of cruel treatment. She repudiated her agreement as to custody, asserting that it was procured through coercion. She prayed that she be granted a divorce, alimony for herself and the child, attorney's fees, and custody of the child. The husband later amended his petition by adding a count charging adultery.

The case was heard by the judge without a jury, and a decree was entered granting a divorce "between the parties," giving each the right to remarry, giving custody of the child to the wife, with visitation rights in the husband, ordering the husband to pay $15 per week for the support of the child, and awarding attorney's fees in the sum of $100 for the wife. The appeal by the husband is from this order.

■ The first assignment of error is the dismissal of the husband's answer and cross action to a petition for contempt filed by the wife prior to the final trial of the divorce case. In this petition the wife asserted that she had been given temporary custody of the child, and that the husband was withholding custody from her.

An order entered in a contempt proceeding is not such an order as can be enumerated as error in an appeal from a subsequent divorce decree. Any errors committed in such separate contempt proceeding must be assigned as error in an appeal from the final order entered therein. *Wright v. Wright,* 222 Ga. 777 (7) (152 SE2d 363). Furthermore, in the present case the decree in the divorce case made the questions in the contempt proceeding moot.

■ In the second assignment of error it is asserted that it was error to allow the wife, over timely objections, to deny

that she committed acts of adultery, disputing the testimony of two witnesses, each of whom testified that he engaged in an act of illicit intercourse with her. Counsel for the husband cites *Weeks v. Weeks*, 160 Ga. 369 (3) (127 SE 772), in support of the contention that the wife was incompetent to give this testimony. The *Weeks* case was decided in 1925 under § 5861 of the Civil Code of 1910, codified as § 38-1606 of the Code of 1933. That section has been twice amended since this latter codification. The amendment of 1951 (Ga. L. 1951, pp. 596, 597) added the proviso: "Provided, however, that this section shall not prevent a party charged with adultery from being competent to testify as to his or her innocence of such charge." The trial judge did not err in allowing the wife to deny the accusations of adultery made against her.

■ The third assignment of error is that the judge abused his discretion in granting custody of the minor child to the wife when it was proved that she had committed acts of adultery. In the fourth assignment it is asserted that the judge erred in granting attorney's fees to the wife after it was proved that she had committed acts of adultery.

The testimony of the wife denying the truth of the testimony of the witnesses who testified that she participated in acts of illicit intercourse with them made an issue of fact for the determination of the judge, and he had a right to believe her testimony rather than the testimony of the two witnesses. It can not be held that the evidence proved the charge of adultery, without contradiction, or that the trial judge abused his discretion because of the asserted proof of adultery in giving the custody of the child and attorney's fees to the wife.

■ The remaining assignments of error assert that the verdict was not supported by the evidence. It is contended in the brief of counsel for the husband that the judge abused his discretion in awarding the custody of the child to the wife.

The divorce decree granted a divorce "between the parties." "Where both parties to a divorce suit introduce evidence in support of their respective prayers for divorce, and the jury returns a verdict in the form prescribed by the *Code*, § 30-116, without stating whether the verdict is for the plaintiff or the

defendant, the verdict will be construed to be for the plaintiff." *Taylor v. Taylor,* 195 Ga. 711 (1) (25 SE2d 506); *Hyde v. Hyde,* 200 Ga. 635, 637 (38 SE2d 287); *Carawan v. Carawan,* 203 Ga. 325 (3) (46 SE2d 588); *Fried v. Fried,* 208 Ga. 861 (1) (69 SE2d 862). The decree in the present case will be construed to be for the husband.

While the party to whom a divorce is granted is ordinarily entitled to the custody of the minor child or children of the parties, the trial judge can exercise his discretion in determining what is for the best interest of the child, or children, and can award custody to the other party. *Code* § 74-107, as amended (Ga. L. 1957, pp. 412, 413; Ga. L. 1962, pp. 713, 715); *Brown v. Brown,* 222 Ga. 446 (1) (150 SE2d 615); *Rigdon v. Rigdon,* 222 Ga. 679 (151 SE2d 712).

The trial judge in a divorce case is vested with a broad discretion in determining which of the parents is entitled to custody of the minor child or children of the parties. *Snell v. Snell,* 220 Ga. 899 (142 SE2d 791). Under all of the evidence in the case we can not say that the trial judge abused his discretion in awarding custody of the infant daughter of the parties to the wife.

Counsel for the husband contends that the evidence showed that the wife voluntarily entered into the contract with her husband relinquishing custody of the child to him, and that it was an abuse of discretion not to make the agreement the judgment of the court. "When the parties in a divorce proceeding enter into a contract settling between themselves the questions of alimony, custody, and support of their minor child, the court may in its discretion approve the agreement in whole or in part, or refuse to approve it as a whole." *Amos v. Amos,* 212 Ga. 670 (95 SE2d 5); *Booker v. Booker,* 219 Ga. 358, 359 (133 SE2d 353).

*Judgment affirmed. All the Justices concur.*