## 25076. GUNNELLS v. GUNNELLS.

UNDERCOFLER, Justice. This is an appeal from the judgment of the Juvenile Court of Bibb County awarding custody of two minor children to the father. The question grew out of a divorce suit and was referred to the juvenile court by the Superior Court of Bibb County for the purpose of investiga-

tion, hearing and determination. Visitation rights were granted to the mother but were limited to Bibb County. *Held:*

1. Enumeration of error 1 complains that the trial judge abused his discretion in awarding the minor children of the parties to the father particularly in view of the presumption raised by *Code Ann.* § 30-127.

The evidence presented at the hearing was in conflict as to the respective fitness of the mother and father to have custody of the children. However, the evidence showed that the children were living in the home of the father and that his mother, who has cared for the children since birth, takes care of them for him.

"While this court would disapprove any judgment denying a person the right plainly conferred prima facie by the first portion of *Code Ann.* § 30-127, yet in doing so we will not nullify the further provisions of that section which confer upon the judge the power to exercise a sound discretion in awarding the custody of children. As between parents the right of custody depends upon what will promote the welfare of the children. *Madison v. Montgomery,* 206 Ga. 199 (56 SE2d 292) ; *Hicks v. Buffington,* 209 Ga. 719 (75 SE2d 560) ; *Graham v. Graham,* 219 Ga. 193 (132 SE2d 66). This overrides the prima facie right conferred by the above section [*Code Ann.* § 30-127] upon 'the party not in default.' That provision simply means that in the absence of proof of circumstances showing the children's welfare will be better served by awarding the custody to another party, the judge must under this mandate of the law award custody to such party. But the further provisions of that section plainly empower the judge in the exercise of a sound discretion based on evidence, and not arbitrar[ily], to place the children where in his judgment based upon evidence, their best interest will be served, although this might deny custody to the parent not in default in the divorce case." *Rigdon v. Rigdon,* 222 Ga. 679 (151 SE2d 712).

Under the facts of this case, the trial judge did not abuse his discretion in awarding these children to the father.

2. Enumeration of error 2 complains that the trial judge erred in restricting the appellant's visitation privileges to Bibb County, Georgia, and in restraining her from removing them from such county.

"The court may in a proper case forbid access by one spouse to the child whose custody is awarded to the other, or limit the

right to visit the child to a particular time and place. . ."
9 R. C. L. § 288 which was quoted with approval in *Scott v. Scott,* 154 Ga. 659, 661 (115 SE 2); 24 AmJur2d 913, § 803, 67 CJS 683, § 13; *Taylor v. Taylor,* 216 Ga. 767, 769 (119 SE2d 571). This was not an attempt by the court to retain jurisdiction in its final order as was held void in *Gibbs v. North,* 211 Ga. 231 (84 SE2d 833); *Evans v. Allen,* 212 Ga. 193 (1) (91 SE2d 518); *Anthony v. Anthony,* 212 Ga. 356, 358 (92 SE2d 857); *Connell v. Connell,* 222 Ga. 765 (3) (152 SE2d 567). It follows that there is no merit in this enumeration of error.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 10, 1969—DECIDED MARCH 20, 1969.

*Adams, O'Neal, Steele, Thornton, Hemingway & McKenny, Kice H. Stone,* for appellant.

*Westmoreland & Patterson, Carl E. Westmoreland,* for appellee.