31944, 31960. LINDSEY v. LINDSEY; and vice versa.

PER CURIAM.

A wife sued her husband for divorce. After a trial in Gwinnett Superior Court, the jury returned a verdict dividing the marital estate between the parties, awarding the wife lump sum alimony consisting of one-half the proceeds from the sale of the parties' residence, awarding the wife no periodic alimony, awarding child support in the amount of $150 per month per child until each child reaches 18 years of age, and ordering that the husband provide medical and dental care expenses for the minor

children. The trial court awarded custody of the parties' three minor children to the wife and ordered the husband to pay $450 per month in child support. Both parties have appealed the trial court's judgment to this court.

In her appeal, the wife enumerates as error the trial court's denial of her motion for judgment on the pleadings on the ground the marriage was irretrievably broken and the introduction of evidence as to her alleged misconduct before the jury. By way of cross appeal the husband alleges that the trial court erred in granting child custody and support to the wife, in not granting specific as opposed to reasonable visitation privileges to him, and in not entering findings of fact in support of the child custody award.

The wife originally sued for divorce on the ground of cruel treatment and sought, among other things, temporary and permanent alimony and custody of the parties' three minor children. The husband counterclaimed for divorce on the grounds of cruel treatment. The husband denied that the wife was entitled to any alimony and he sought custody of the parties' minor children. At the commencement of the trial, the wife amended her complaint to allege that the marriage was irretrievably broken and she moved for judgment on the pleadings. The trial judge ruled that in the trial neither party would be prevented from submitting relevant evidence to show the real cause of the separation and divorce, relying primarily on language in *Loftis v. Loftis,* 236 Ga. 637, 639 (225 SE2d 685) (1976) to that effect. However, at the close of the evidence the trial court granted the wife's motion for a directed verdict on the issue of divorce.

At the jury trial the wife testified as to her husband's cruel treatment of her, including his excessive drinking and accusations he had made that she was having an affair with her former employer. The husband submitted documentary evidence and presented witnesses who gave testimony tending to show a romantic involvement between the wife and her former employer. Those witnesses, as well as the husband, also testified as to the wife's ineptness as a housekeeper. *Held:*

1. It was error for the trial court to deny the wife's

motion for a judgment on the pleadings granting a divorce to both parties. See *Weaver v. Weaver,* 238 Ga. 101 (1) (230 SE2d 886) (1976); *Anderson v. Anderson,* 237 Ga. 886 (1) (230 SE2d 272) (1976); *Loftis v. Loftis,* 236 Ga. 637 (225 SE2d 685) (1976); *Marshall v. Marshall,* 234 Ga. 393 (216 SE2d 117) (1975); and, *Friedman v. Friedman,* 233 Ga. 254 (210 SE2d 754) (1974).

2. Evidence of the conduct of the parties was not relevant to the issue of alimony and child support. It should not have been received during the jury trial. *Anderson v. Anderson,* supra.

3. The child custody issue should have been heard and decided by the trial judge without the intervention of the jury as evidence of the conduct of the parties was relevant to that issue. *Weaver v. Weaver,* 238 Ga. 101, supra.

4. The grant of the divorce by the trial court on the wife's motion for directed verdict at the conclusion of the jury trial and the trial court's award of the minor children's custody to the wife, with reasonable visitation privileges to the husband, are affirmed as we find no reversible error in these rulings of the trial court. However, the remainder of the trial court's judgment (relating to alimony and child support) is reversed and will be remanded for a new trial.

*Judgment affirmed in part; reversed in part and remanded for a new trial. Nichols, C. J., Undercofler, P. J., Hall and Hill, JJ., concur. Jordan and Ingram, JJ., dissent.*

ARGUED FEBRUARY 16, 1977 — DECIDED APRIL 6, 1977 — REHEARING DENIED APRIL 22, 1977.

*Hinkle & Bianco, Theodore P. Bianco,* for appellant. *Raiford, Hills, Billington & McKeithen, Tyler C. Dixon,* for appellee.

INGRAM, Justice, dissenting.

I dissent from the partial reversal for all the reasons I have previously given in my written dissents in the earlier cases dealing with the issues in this case. Needless

to say, I think the trial judge handled this case very well and I would affirm his judgment in its entirety.