### 32778. HARRIS v. HARRIS.

JORDAN, Justice.

In this divorce case the father was awarded custody of the minor son of the parties, and the mother appeals from this custody award.

The divorce proceeding was instituted by the mother, who alleged that the marriage was irretrievably broken.

The father asked for a divorce on the ground of cruel treatment. The matter was heard by the judge without the intervention of a jury. A divorce was granted upon the ground that the marriage was irretrievably broken.

The mother contends that the custody award was not based on the exercise of a sound discretion looking to the best interest of the child. The judge in his judgment stated: "Now as to custody of the minor child, first on the premise that Code § 30-127 means what it says, that is, that the party not in default should be entitled to custody of the minor child; that it would take the exercise of a sound discretion to overcome this presumption on the part of the court. . . The second premise is that there is no presumption as to either party being better qualified than the other. . . Third, the plaintiff [mother] has the obligation and the burden of proof, that is, that she must establish her right by a preponderance of the evidence. And where I find the evidence equally balanced, then she has not carried that burden of proof. Based on these premises I have construed the evidence and looked at the evidence during the process of the hearing."

As to the first premise it is argued by the mother that the judge erroneously applied the provisions of Code § 30-127, since the divorce was granted on the ground that the marriage was irretrievably broken.

This court has previously recognized that the conduct of the parties is relevant on the issue of custody even though a divorce is granted on the ground that the marriage is irretrievably broken. *Marshall v. Marshall,* 234 Ga. 393, 394 (216 SE2d 117) (1975); *Weaver v. Weaver,* 238 Ga. 101, 103 (230 SE2d 886) (1976); *Lindsey v. Lindsey,* 238 Ga. 685, 687 (3) (235 SE2d 6) (1977). The first premise of the trial judge was not an erroneous principle to apply under the evidence in the present case.

The mother contends that the trial judge was in error in stating that she had the burden of proof as plaintiff to establish her right to the custody of the child.

The ordinary burden of proof of the plaintiff in a legal action does not apply to the plaintiff in a divorce action seeking the custody of a minor child. The true objective is the best interest of the child. "In all cases of divorce, the court in the exercise of a sound discretion may look into all

the circumstances and, after hearing both parties, determine custody of the children. Code Ann. § 30-127. Where the trial judge exercises a sound legal discretion looking to the best interests of the child, this court will not interfere with his judgment unless it is shown that his discretion was abused. *Lynn v. Lynn,* 202 Ga. 776 (44 SE2d 769) (1947)." *Murphy v. Murphy,* 238 Ga. 130 (231 SE2d 743) (1977); *Jackson v. Jackson,* 230 Ga. 499 (197 SE2d 705) (1973).

While the trial judge incorrectly stated that the mother had the burden of proof as to child custody, his analysis of the evidence concerning the conduct and circumstances of the parties makes it apparent that he, in fact, did exercise his discretion looking to the best interest of the child. The evidence shows no abuse of the judge's discretion in the award made. We will not reverse the judgment because of the erroneous statement as to the burden of proof.

*Judgment affirmed. All the Justices concur, except Hall, J., who dissents.*

ARGUED OCTOBER 11, 1977 — DECIDED NOVEMBER 2, 1977 — REHEARING DENIED NOVEMBER 29, 1977.

*Flourney, Evans & Separk, Robert E. Flourney, Jr., Frank W. Virgin,* for appellant.
*G. Robert Howard,* for appellee.