## 34428. BIGHAM v. BIGHAM.

MARSHALL, Justice.

The appellant wife sued the appellee husband for divorce on the ground of cruel treatment. The husband answered and counterclaimed for divorce on the ground that the marriage was irretrievably broken. The parties were granted a divorce on the pleadings.

The issues of alimony, child support, and division of property were tried before a jury. The jury awarded the wife alimony and child support, and the jury ordered a division of the parties' property. The trial judge made the jury verdict the judgment of the court. In the judgment, the trial judge reserved the question of child custody for later decision. The trial judge subsequently awarded custody of the parties' minor child to the husband.[1] The wife appeals, enumerating two alleged errors.

First, the wife argues that the trial judge erred in overruling her motion for mistrial because of improper and prejudicial remarks made by the husband's counsel in his opening statement to the jury.

The trial judge requested the wife's attorney to be more specific in his motion for mistrial. Counsel stated that a divorce between the parties had already been granted, and citing *Lindsey v. Lindsey,* 238 Ga. 685 (235 SE2d 6) (1977), counsel argued that evidence concerning

---

[1]Apparently, the husband has been granted custody of the child, while still being obligated to comply with the judgment requiring him to make child support payments to the wife. The husband does not, however, complain about this in this appeal.

conduct of the parties is not relevant to the issues of alimony and child support. Accordingly, the wife's attorney argued that statements by the husband's attorney as to what he expected the evidence to show concerning the parties' conduct was improper and prejudicial, and the grant of a mistrial was required.

Following a rather extended discussion between counsel and the trial judge, the trial judge ruled that under the 1977 amendment to Code Ann. § 30-201 (Ga. L. 1977, pp. 1253, 1256) the parties' conduct toward each other is relevant in cases in which alimony is sought by the wife. We agree. See *Hunter v. Hunter,* 242 Ga. 94 (249 SE2d 564) (1978); *Bryan v. Bryan,* 242 Ga. 121 (249 SE2d 605) (1978). This enumeration of error is without merit.

Secondly, the wife argues that the trial judge erred in awarding custody of the parties' minor child to the husband on the basis of "hearsay evidence developed outside the confines of any evidentiary hearing and not subject to cross examination by appellant."

At trial, both parties testified that they should be granted child custody, and the appellant presented witnesses who testified that she was capable of caring for the child. In the final judgment, the trial judge stated that the court wished to make an independent investigation of its own before passing on the question of child custody. Attorneys representing the husband and wife were required to submit "whatever depositions, affidavits, or other information they wish to present to the court in support of their contentions."

Both parties acceded to this procedure, and letters and affidavits were submitted to the trial judge by both of the parties. Since the appellant raised no objection to this at trial, we find that she is precluded from raising the point on appeal.

*Judgment affirmed. All the Justices concur, except Bowles, J., who concurs in the judgment only.*

ARGUED JANUARY 15, 1979 — DECIDED FEBRUARY 15, 1979.

*Awtrey, Parker, Risse, Mangerie & Dozier, Donald A. Mangerie, Toby B. Prodgers,* for appellant.

*Jimmy W. Jones,* for appellee.