## 60970. DOUSE v. DOUSE.

BIRDSONG, Judge.

In this appeal plaintiff Mack Douse alleges the trial court erred in finding no jurisdiction by which to determine the custody of the parties' children. Plaintiff brought his petition for custody change pursuant to the Georgia Uniform Child Custody Jurisdiction Act, Code Ann. § 74-501 et seq. *Held:*

We affirm the trial court.

The evidence before the court, including court-ordered investigative reports and the testimony at hearing of plaintiff Mr. Douse, shows that the children's mother, defendant Mrs. Douse, resides in Nevada. Mr. Douse, the father, is an Air Force Sergeant presently stationed and residing in California. The parties met and married in Nevada, where Mrs. Douse was raised and Mr. Douse was then stationed. A Texas divorce decree in 1977 awarded custody of the couple's two minor children to Mrs. Douse. In at least 1975 and 1977, the children had spent summers with their paternal grandparents in Atlanta, where their father was born and raised. In 1978, as before, Mrs. Douse agreed to send the children to Atlanta to visit their grandparents. At the end of the summer, either Mr. Douse (and his parents) or Mrs. Douse requested that the children remain in Atlanta through the school year, either because the children were happy and were already enrolled in various activities or because Mrs. Douse stated she was in financial straits and was unable to handle the children at that time. The couple did agree, however, that the children would return to their mother in Nevada at the end of the school year in 1979. During all this time the plaintiff was in California. At this point the evidence becomes at odds. The plaintiff Mr. Douse contends Mrs. Douse failed to contact him or his parents in Atlanta when the school year ended, made no effort to take the children back and did not contact Mr. Douse or the grandparents until after these proceedings began, and in fact had contacted the children and grandparents only four or five times during the entire time since the children had come to Atlanta. Mr. Douse testified, however, that at the end of the school year he did not contact Mrs. Douse and made no attempt to have the children returned to her. He

filed these proceedings for change of custody in July, 1979. Mrs. Douse contends that she did request the children be returned after the school year but that their father stated he did not have the money for their transportation; that she did not abandon her children; and that she did not know of these proceedings until after Mr. Douse had already refused to have the children returned.

At the hearing, the positions of the parties were fully argued, but only Mr. Douse testified. The trial judge found that there had been no abandonment of the children by their mother. This finding was authorized by the evidence. Plaintiff's contention on appeal, that the trial court erred in refusing or failing to receive the testimony of the children, paternal grandparents, and of the defendant Mrs. Douse, is without merit. The trial judge concluded that Mr. Douse had not sustained his burden, by his own testimony, to show abandonment. The trial court did not refuse to receive other testimony on the issue, but advised plaintiff "you can call the lady [Mrs. Douse] if you want to." The plaintiff did not call further witnesses, did not insist that other testimony should be heard, and did not object to the failure to receive further evidence in the case. The plaintiff therefore cannot complain on appeal that the trial court erred in failing to admit and consider evidence as to abandonment in the form of testimony from the children, the mother, and the paternal grandparents. See *Williams v. State,* 238 Ga. 244, 245 (232 SE2d 238).

Upon the facts in this case, the trial court did not err in holding that it was without jurisdiction in the case. The Uniform Child Custody Jurisdiction Act, at Code Ann. § 74-504, describes the circumstances under which a Georgia court has jurisdiction to make a child custody determination by modification. The trial court did not have jurisdiction under any of the four pertinent provisions of that code section. Considering Code Ann. § 74-504 (a) (1), Georgia is not the "home state" (Code Ann. § 74-503 (e)) of these children because the children did not live in Georgia with a parent or person acting as parent (see Code Ann. § 74-503 (i)) for at least six consecutive months "immediately preceding the time involved," *which was August of 1978* when the children were sent to Atlanta by their mother to visit their grandparents. In this sense their "home state" is Nevada. Considering Code Ann. § 74-504 (a) (2), the evidence shows that the children and their mother have a significant connection with the state of Nevada, and there is available in Nevada substantial evidence concerning their present and future care, protection, training and other personal relationships. It therefore appears that Nevada would have jurisdiction of the case under paragraph (a) (1) or (a) (2) of Code Ann. § 74-504, and therefore, Georgia courts do not have jurisdiction under Code Ann. § 74-504 (a) (4). Considering the remaining

paragraph, Code Ann. § 74-504 (a) (3) which might otherwise give Georgia courts jurisdiction in this case, the evidence supports the trial court's finding that the children were not abandoned, and that no emergency exists which would justify assumption of jurisdiction by this state. The trial court's decision that it had no jurisdiction in the case is therefore not contrary to law or the evidence.

We must observe that the Supreme Court in *Yearta v. Scroggins,* 245 Ga. 831, 832 (268 SE2d 151) makes it plain, even if the Custody Jurisdiction Act does not, that our courts "will continue to refuse to provide a forum for relitigating custody except where the legal custodian resides." This is an incisive statement of the public policy of this state. There being no grounds under the Uniform Child Custody Jurisdiction Act by which this expressed rule might be extenuated to give a Georgia court jurisdiction in this case, the trial court did not err in refusing jurisdiction.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 13, 1981.

*E. Lynn Mitchell,* for appellant.
*Charles E. Brown,* for appellee.