**Janeann GRIMES, Appellant,**

v.

**Joe A. GRIMES, Appellee.**

**No. 04–84–00535–CV.**

Court of Appeals of Texas,
San Antonio.

Feb. 19, 1986.

Rehearing Denied March 25, 1986.

William A. Dudley, Corpus Christi, for appellant.

Jack B. Peacock, Jr., Falfurrias, Raul Guerra, San Antonio, for appellee.

Before CADENA, C.J., and CANTU and TIJERINA, JJ.

## OPINION

CADENA, Chief Justice.

Defendant, Janeann Grimes, mother of the two minor children involved in this case, appeals from an order of the 79th District Court of Brooks County, Texas, modifying the custody provisions of a 1983 divorce decree which had named defendant managing conservator of the two children, Jennifer and Julie. The judgment of which defendant here complains names plaintiff, Joe A. Grimes, the father of the two children, and his present wife managing conservator.

When the divorce proceedings were instituted in the Texas court, defendant was named temporary managing conservator. Both plaintiff and defendant agreed that the older daughter, Jennifer, would be placed with her maternal grandmother, who resided in McAllen, Texas, and that the younger daughter, Julie, would be placed with her maternal grandfather, a resident of Illinois. The grandfather came to Texas and took Julie back to Illinois with him.

The Texas court orally granted the divorce in June, 1983, and defendant then left Texas and went to Illinois, where she joined Julie at the home of the child's grandfather. The divorce decree, naming defendant managing conservator of the

children, was signed August 28, 1983. Jennifer remained in Texas until July 4, 1984, when her maternal grandmother took her to Illinois, where she was reunited with her mother and sister.

Some difficulties arose between plaintiff and defendant, and prior to July 17, 1984, while plaintiff was in Illinois, defendant gave him a copy of an Illinois court order enjoining plaintiff from removing the children from the State of Illinois.

Plaintiff returned to Texas, where he had continued to maintain his residence, and on July 17, 1984, instituted proceedings in Brooks County seeking a modification of the custody provisions contained in the divorce decree entered in 1983 by the Brooks County Court. He also filed a motion in that court seeking to have defendant declared in contempt because of her refusal to grant plaintiff the right to visit with the children as provided in the original decree.

Defendant was personally served in Illinois with notice of both Texas proceedings but entered no appearance in the Texas proceedings. On August 23, 1984, the Texas court entered an order adjudging defendant to be in contempt, and on September 6, 1984, the Texas court, following a hearing, entered an order removing defendant as managing conservator and naming plaintiff and his present wife as managing conservators of Jennifer and Julie.

The Texas court had no jurisdiction to modify its prior custody decree as far as Julie is concerned.

The jurisdiction of a Texas court to determine custody in either an original custody proceeding or by modification of a prior decree is controlled by section 11.53 of our Family Code.[1] Under section 11.53(d), a Texas court may not, except by written agreement of the parties, exercise its continuing jurisdiction to modify a prior custody decree "if the child and party with custody have established another home state unless the action to modify was filed before the new home state was acquired."

1. All statutory references are to TEX.FAM. CODE ANN. (Vernon Supp.1986).

"Home state" is defined by section 11.52(5) as "the state in which the child immediately preceding the time involved lived with ... a parent, or a person acting as a parent, for at least six consecutive months...." This section provides that periods of "temporary absence" of any of the named persons are to be counted as part of the six-month period.

Julie left Texas to live with her grandfather in Illinois in April, 1983. Defendant left Texas and began to live at her father's house with Julie in June, 1983. At the time the action to modify was filed by plaintiff in Texas in July, 1984, Julie and defendant, the "party with custody," had been living continuously in Illinois for more than 12 months. Julie and defendant had established "another home state" before the Texas proceeding to modify was filed by plaintiff.

The record shows that there were periods when, due to financial necessity, defendant worked in a neighboring community and was able to be with Julie, who remained at the home of her maternal grandfather, only on weekends and other days when she did not work. There is no indication that defendant abandoned Julie. It is clear that, at most, these periods resulting from economic necessity, constituted only "temporary absences" by defendant and do not, under section 11.52(5), support the conclusion that Julie and defendant had not established "another home state" in Illinois.

Under section 11.53(d), the Texas court had no jurisdiction to modify the custody provisions of the prior divorce decree insofar as custody of Julie is concerned.

■ Jennifer's situation is not the same as Julie's. Jennifer did not move to Illinois to join her mother until July 4, 1984, not quite two weeks before the Texas action to modify was filed. From April, 1983 to July 4, 1984, Jennifer had lived with her maternal grandmother in Texas. During this period she was not living with a "parent," nor can it be said that she was living with "a person acting as a parent." Under section 11.52(9), a "person acting as a parent" is a person, other than a parent, "who has physical custody of a child and who has either been awarded custody by a court or claims a right to custody." Since the maternal grandmother with whom Jennifer resided in Texas does not come within the definition of a "person other than a parent," Texas was not the home state "of Jennifer on the day the motion to modify was filed." The Texas court did not have jurisdiction under section 11.53(a)(1)(A), which clothes a Texas court with jurisdiction if Texas is the home state of the child.

Since Jennifer had not lived in Illinois for at least six consecutive months prior to the filing of the action to modify, Illinois had not been established as her home state so as to preclude the exercise of jurisdiction by the Texas court under section 11.53(d). We cannot view Jennifer's 14-month sojourn in Texas prior to her move to Illinois as a "temporary absence" from the State of Illinois so as to count as part of the six-month period under section 11.52(5). The "temporary absence" provision cannot be construed to include periods before the child was first present in the claimed "home state."

The result is that, for the purpose of determining jurisdiction to decide questions concerning custody, Jennifer had no "home state." *See Garcia v. Martinez*, 642 P.2d 53, 54 (Colo.App.1982); *Douse v. Douse*, 157 Ga.App. 524, 277 S.E.2d 807, 809 (1981).

■ Since, as far as Jennifer is concerned, no state has jurisdiction under section 11.53(a)(1) as her home state, we turn our attention to section 11.52(a)(2), which is applicable when no other state has jurisdiction under section 11.53(a)(1). Under these circumstances, jurisdiction may be exercised "when it is in the best interest of the child that a court of this state assume jurisdiction" because "(A) the child ... and at least one contestant have a significant connection with this state other than mere physical presence in this state; and (B) there is available in this state substantial evidence concerning the child's present or

future care, protection, training, and personal relationships; ..."

It can be concluded that the Texas court would have jurisdiction, insofar as Jennifer's custody is concerned, because she had spent all of her life here and Texas was plaintiff's domiciliary state, thus establishing that Jennifer and plaintiff have a significant connection with Texas; and there is available in Texas substantial evidence concerning her present and future care, protection, training and personal relationships.

The Texas court may not make any determination concerning custody of Julie under section 11.53(d). If the Texas court chooses to exercise jurisdiction over Jennifer, the result will be a situation in which the question of custody of Julie will be determined by the Illinois court, while custody of Jennifer will be determined by the Texas court. Unless we are prepared to abandon the view that the child's best interest is our paramount consideration, this is a wholly unacceptable situation.

Substantial evidence concerning Jennifer's present or future care, protection, training and personal relationships is as much available in Illinois as in Texas. It can justifiably be asserted that, despite the short period of Jennifer's presence in Illinois, the Illinois court is better situated to make a considered judgment as to Jennifer's present status. Given the residence of her custodian and sister in Illinois, it is clear that Jennifer has "significant connections" with that state, other than her mere presence there, to justify the exercise of jurisdiction by Illinois courts, thus permitting the question of custody of the two young sisters to be determined by a single court.

Under the circumstances of this case, and bearing in mind the importance of insuring that the best interests of Jennifer and Julie will be protected, we conclude that the Texas court erred in not exercising restraint on its modification jurisdiction insofar as Jennifer is concerned and in not deferring to the Illinois courts, the only

courts in a position to determine the question of custody of both children.

 We cannot consider defendant's complaints concerning the trial court's order holding her in contempt. In Texas, there is no appeal from an order holding a person in contempt. *Anderson v. Burleson*, 583 S.W.2d 467 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). Relief is available only through application for a writ of habeas corpus. *Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890, 893 (1956).

The order of the trial court modifying its prior custody order is reversed and judgment is here rendered dismissing the application of plaintiff for modification of such order. That portion of the appeal by which defendant seeks review of the trial court's order holding her in contempt is dismissed for want of jurisdiction.[2]

---

**2.** The attention of the trial court is called to *Ex    parte Johnson,* 654 S.W.2d 415 (Tex.1983).