## S02A1070. ELEDGE v. THE STATE.
### (567 SE2d 12)

FLETCHER, Chief Justice.

A jury convicted Jerry Lee Eledge, Jr., of malice murder and cruelty to children in connection with the death of 19-month-old

Jonathon Tyler Shepherd, his girlfriend's son.[1] Eledge contends that the trial court erred in finding that he voluntarily gave his statements to police without any coercion or intimidation. Because the trial court did not err in concluding that Eledge gave his custodial statements freely and voluntarily, we affirm.

1. The defendant brought Tyler to the hospital emergency room on Tuesday, February 13, 2001, and told the intake nurse that the child had fallen out of bed during the night. Tyler was a pale, grayish-blue color; he was taking shallow breaths; his head, arms, and legs were hanging limp; and his eyes were dry, bulging, and bloodshot. His head had a soft, spongy spot on the right side, and an x-ray showed that he had suffered a four to five-inch skull fracture running from the front to the back of his head. A neurosurgeon operated to relieve the brain swelling, but Tyler died two days later from complications related to his blunt-force head injury.

Eledge told several conflicting stories about what happened on Monday night after Tyler's mother, Bianca Sumner, left their motel room to go to work. Initially he said that Tyler had rolled off the bed onto the carpeted floor at 11:30 p.m. and stopped breathing for a second, but was up playing at two in the morning. The next day, Eledge told police that he had dropped Tyler on the floor on Sunday, and Tyler landed on his bottom and then fell back on his head and his eyes went outwards. In a later custodial statement, Eledge said he heard a "hollow thump" in the bathroom around 9:00 p.m. on Monday and saw Sumner cradling Tyler in her arms before she laid him on the bed. At trial, Eledge testified that during the night he woke up and, finding Tyler missing, jumped across the bed and landed on the boy who was lying asleep on the floor.

The pathologist testified that Tyler had suffered a traumatic head injury caused by tremendous amounts of force, such as slamming his head against the wall. The expert testified that a fall on a hard floor would not have generated sufficient force to cause the injuries and that Tyler had not suffered other injuries that would be expected if an adult jumped on a child's head and fractured his skull. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Eledge guilty of the crimes for which he was convicted.[2]

---

[1] The defendant was arrested on February 15, 2001, indicted on May 29, 2001, and found guilty on September 26, 2001. The trial court sentenced him to life imprisonment on the malice murder count and to two concurrent terms of twenty-years imprisonment on the cruelty to children counts. Eledge filed a motion for new trial on October 25, 2001, which was denied on March 12, 2002, and filed a notice of appeal on March 22, 2002. The case was docketed on April 2, 2002, and submitted for decision without oral argument on May 27, 2002.

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Eledge contends that his statements were involuntary and coerced due to a detective's threats and accusations during the first interview at the police station. The trial court found that the defendant voluntarily gave his initial statement at the hospital without any coercion, intimidation, or bullying; he was advised of his rights under *Miranda v. Arizona*[3] at the police station and voluntarily gave a statement without any intimidation or bullying; and the detective's attempts to bully the defendant did not occur until halfway through the interview and had no effect on what Eledge said. Having reviewed the evidence at the *Jackson-Denno*[4] hearing and the defendant's handwritten and tape-recorded statements, we conclude that the trial court did not err in finding that police did not coerce any of the statements and admitting them into evidence.[5]

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 15, 2002.

*Avrett, Ponder & Withrock, William B. Barnwell*, for appellant.
*Kermit N. McManus, District Attorney, Thurbert E. Baker, Attorney General, Ruth M. Bebko, Assistant Attorney General*, for appellee.

---

[3] 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).
[4] 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).
[5] See *Black v. State*, 274 Ga. 346, 347 (553 SE2d 818) (2001).
[1] Brutus and Giraldo are co-defendants. Giraldo did not seek a writ of certiorari.