S02A1902. PATEL v. PATEL.
(577 SE2d 587)

CARLEY, Justice.

Hamant Bahailal Patel (Father) is an obstetrician/gynecologist who began an extramarital affair with Catherine Walker, an employee and patient, and was eventually asked by his colleagues to

---

[2] *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963); *Giglio v. United States*, 405 U. S. 150 (92 SC 763, 31 LE2d 104) (1972).

resign. He and his wife, Pinky H. Patel (Mother), separated, he bought a house nearby, and she sought a divorce and custody of their two minor children. In the final divorce decree, the trial court awarded joint legal custody to the parties, but provided that Mother would have sole physical custody. Father appeals from this order pursuant to our grant of a discretionary appeal.

1. Father contends that the trial court abused its discretion by awarding sole physical custody to Mother based only on the possibility of prolonged exposure of the children to Ms. Walker.

We recently held that it is an abuse of discretion to restrict visitation rights by prohibiting their exercise in the presence of a certain person unless the evidence demonstrates that exposure to that individual would adversely affect the children. *Brandenburg v. Brandenburg*, 274 Ga. 183, 184 (1) (551 SE2d 721) (2001). In this case, however, the trial court fully complied with *Brandenburg* by granting liberal visitation to Father without regard to Ms. Walker's presence. Moreover, the trial court did not place any unauthorized restriction on the exercise of custodial rights. Compare *Arnold v. Arnold*, 275 Ga. 354 (567 SE2d 12) (2002). It merely awarded sole physical custody to Mother.

The law of this state makes an important distinction between visitation and custody determinations. Visitation rights should be awarded to a parent unless there is probative evidence that he or she is morally unfit. *Woodruff v. Woodruff*, 272 Ga. 485 (531 SE2d 714) (2000). However, one of the parents may be deprived of custody based on far less egregious circumstances, since such an award depends on the best interest of the child. OCGA § 19-9-3 (a) (2). Other jurisdictions recognize the critical difference between custody and visitation. "Because the considerations in a custody determination are much broader than a determination of visitation rights, a visitation order is not analogous to a custody order." *In the Matter of the Marriage of Ortiz*, 801 P2d 767, 770 (Or. 1990). "Custody disputes and visitation disputes should be measured by their respective standards. Visitation is a considerably less weighty matter than outright custody of a child. . . ." *Wolinski v. Browneller*, 693 A2d 30, 43 (IV) (Md. App. 1997). "[T]here is a distinction between visitation and custody, which makes it inappropriate to apply rigid or bright line rules developed within the context of custody to matters of visitation ([cits.])." *In the Matter of J.C. v. C.T.*, 711 NYS2d 295, 297 (Fam. Ct. 2000).

One rule in this state regarding custody is found in OCGA § 19-9-1 (a) (1): "In all cases in which a divorce is granted, the party not in default shall be entitled to the custody of the minor children of the marriage." This is not a rigid rule, but neither is it meaningless. It must be construed with OCGA § 19-9-3 (a) (2), which recognizes the trial court's discretion to consider all the circumstances of the case

and to award custody to the party in default, so long as it looks to the best interest of the child or children. *Brown v. Brown*, 222 Ga. 446, 447 (1) (150 SE2d 615) (1966). Thus, OCGA § 19-9-1 (a) (1) confers a prima facie right on the party not in default such that the trial court should award custody to that party, in the absence of proof of circumstances showing that the children's welfare will be better served by entry of a different award. *Gunnells v. Gunnells*, 225 Ga. 188, 189 (1) (167 SE2d 138) (1969); *Rigdon v. Rigdon*, 222 Ga. 679 (151 SE2d 712) (1966). If there is proof of such circumstances, the trial court must then decide the custody question based on the best interests of the children, but may also consider the conduct of the parties in making its determination. *Mock v. Mock*, 258 Ga. 407 (369 SE2d 255) (1988).

Although the trial court must exercise its discretion in determining what is in the best interest of the child, "the party to whom a divorce is granted is ordinarily entitled to the custody of the minor child or children of the parties. . . ." *Newman v. Newman*, 223 Ga. 278, 281 (4) (154 SE2d 581) (1967). See also 23 ALR3d 6 (1969 & Supp. 2002). The trial court granted the divorce in this case on the ground that the marriage was irretrievably broken. However, this Court has recognized, based on OCGA § 19-9-1 (a) (1) and several previous cases, "that the conduct of the parties is relevant on the issue of custody even though a divorce is granted on the ground that the marriage is irretrievably broken. [Cits.]" *Harris v. Harris*, 240 Ga. 276, 277 (240 SE2d 30) (1977) (approving the trial court's statement that the exercise of a sound discretion would be required to overcome the presumption that the party not in default was entitled to custody). See also *Mock v. Mock*, supra; 27C CJS, Divorce, § 625 (c), p. 193 ("In determining the best interests of the child the courts may consider facts which relate to the relative faults of the parties; ordinarily, preference may or should be given to the party not at fault. . . .").

If, as cases like *Brown, Gunnells,* and *Rigdon* hold, the trial court's discretion is sufficiently broad to permit an award of custody to the party whose conduct was the primary cause of the divorce, then that discretion is certainly wide enough to allow a custody award in favor of the party not at fault, so long as the trial court does not disregard other evidence regarding the best interest of the children. Nothing in the record or the transcript indicates that the trial court disregarded such evidence or believed that Father's conduct mandated an award of custody to Mother. Compare *Mock v. Mock*, supra. In its oral ruling, the trial court evaluated the continuing circumstances which caused the divorce in light of the best interests of the children, specifically weighing their emotional state and the confusing effect of those circumstances on them. The trial court further demonstrated that it was genuinely considering all of the factors

which may affect the children's welfare when it indicated that joint physical custody may well be appropriate in the event of a change in the circumstances, such as remarriage by Father.

Accordingly, we find that the trial court did not abuse its discretion in awarding sole physical custody to Mother.

2. Father further contends that the trial court erred in failing to consider the desires of the parties' 13-year-old child in determining its award of physical custody. See OCGA §§ 19-9-1 (a) (3) (B), 19-9-3 (a) (4.1). Father cannot complain on appeal, as he did not raise this issue below or present any evidence of the child's desires. See *Bigham v. Bigham*, 243 Ga. 171, 172 (253 SE2d 91) (1979); *Douse v. Douse*, 157 Ga. App. 524, 525 (277 SE2d 807) (1981).

*Judgment affirmed. All the Justices concur, except Hunstein, J., who concurs specially.*

HUNSTEIN, Justice, concurring specially.

While I agree with the majority's determination that the trial court did not abuse its discretion in awarding sole physical custody of the children to their mother, I take issue with its interpretation of OCGA § 19-9-1 (a) (1) in this case. Notwithstanding the prima facie right of custody the majority accords to the prevailing party in a divorce, trial courts are not required to recognize any presumption of entitlement to custody based upon which parent was in default, but instead must give primary emphasis to the best interest of the child in a custody contest between parents. *Mock v. Mock*, 258 Ga. 407 (369 SE2d 255) (1988). As well established by our case law interpreting OCGA § 19-9-1 (a) (1) and other child custody statutes, " '[i]n a contest between parents over the custody of a child, the trial court has a very broad discretion, looking always to the best interest of the child, and may award the child to one even though the other may not be an unfit person to exercise custody or had not otherwise lost the right to custody. . . .' " *Wrightson v. Wrightson*, 266 Ga. 493, 494 (1) (467 SE2d 578) (1996) quoting *Anderson v. Anderson*, 240 Ga. 795 (2) (242 SE2d 593) (1978). In *Mock*, supra, we held that subsection 19-9-1 (a) (1)'s entitlement to custody provision, relied upon by the majority, is "overridden" by the rule that the right of custody depends upon the best interest of the child. "While the trial court *may consider* the conduct of the parties on the issue of custody, [cit.] the court ultimately *must* decide the custody question based on the best interest of the child." (Citation omitted; emphasis supplied.) *Mock*, 258 Ga. 407. Because the majority's language may mislead the bench and bar into believing that the status of the parents in regard to the divorce must be considered before the best interests of the children when determining custody, I can concur only in the judgment.

DECIDED FEBRUARY 24, 2003.

*Michael J. Moore, Matthew R. Hall,* for appellant.

*G. Samuel Burnette, Benjamin D. Driggers, Buford & Buford, Floyd M. Buford, Jr.,* for appellee.