### S03A0043. WILLIAMS v. CONERLY et al.
### S03A0044. STACEY v. CONERLY et al.
#### (582 SE2d 1)

SEARS, Presiding Justice.

Appellants Helen Stacey and Mary Williams appeal from a judgment in a partitioning action filed against them by appellees Emaly Conerly, Robert Culpepper, India Dennis, and James Culpepper. Appellee C. M. Stripling was a named defendant in the action. The appellants raise several issues regarding the trial court's judgment, but for the reasons that follow, we find no merit to the contentions and affirm.

All parties are brothers and sisters, except for Mr. Stripling, who was a former business partner of the siblings' father. The partitioning action concerned two tracts of land. One tract, known as "Beaver Heights," is 232.7 acres. Each sibling owned a 1/9th interest in that tract, and Mr. Stripling owned a 1/3rd interest. The other tract is known as "Pinecrest Farm," and the deed describes it as being 288.885 acres, "more or less." However, Mr. Pinson, who prepared an appraisal for the appellees, testified that he established its acreage at 245.6 acres based on a planimeter of the property. Each sibling owned 1/6th of the Pinecrest tract, with Mr. Stripling having no interest.

Based on the appraisal prepared by Mr. Pinson, the partitioners determined that Pinecrest Farm consisted of 245.6 acres and that Beaver Heights consisted of 232.7 acres. Further, based on that same appraisal, the partitioners determined that the value of Pinecrest Farm was $186,700 and that the value of Beaver Heights was $410,500, for a total value of $597,200 for the two tracts. The partitioners recommended that the four plaintiffs (hereinafter the "sibling

---

appellees") have ownership of all the Pinecrest tract and of 89.4 acres of the Beaver Heights tract; that Ms. Stacey and Ms. Williams have ownership of 78 acres of the Beaver Heights tract; and that Mr. Stripling have ownership of 65.3 acres of the Beaver Heights tract. The partitioners determined that the value of the land awarded to the sibling appellees was $306,914; that the value of the land awarded to Ms. Stacey and Ms. Williams was $153,454; and that the value of the land awarded to Mr. Stripling was $136,832.

Ms. Stacey and Ms. Williams filed objections to the partitioners' recommendation,[1] and the parties agreed that the trial court would try the case without the intervention of a jury. The trial court subsequently made the recommendation of the partitioners the judgment of the court. Ms. Stacey and Ms. Williams have filed the present two appeals, and the appeals raise identical issues attacking the trial court's judgment.

1. Ms. Stacey and Ms. Williams contend that the trial court erred in approving the recommendation of the partitioners because the appraisal on which the partitioners relied failed to adequately establish the acres contained in the Pinecrest tract. More specifically, the appellants contend that planimeters[2] do not accurately measure the area of a tract of land; that the deed records showed that the Pinecrest tract consisted of 288.885 acres; that the sibling appellees, who were awarded all of the Pinecrest tract, thus possibly obtained 288.885 acres instead of 245.6 acres; that the value of the Pinecrest tract thus was possibly greater than that reflected in the $186,700 appraisal based on the planimeter of the Pinecrest tract; and that the sibling appellees thus possibly were awarded property of greater value than that awarded to the appellants. For these reasons, the appellants contend that partitioning was not just and fair; that the trial court erred in approving the partitioners' recommendation; and that the trial court should have ordered the partitioners to conduct a survey of the Pinecrest tract. We conclude that the trial court did not abuse its discretion in making the recommendation of the partitioners the judgment of the court.

If the trial court determines that the partitioners' recommendation is just and equal, the trial court may approve the recommendation of the partitioners.[3] Here, the deeds list the acres of the Pinecrest tract not as exactly 288.885 acres, but as 288.885 acres, "more or less." Because the phrase "more or less" in conveyances is a

---

[1] See OCGA § 44-6-165.

[2] A planimeter is "an instrument for measuring the area of any plane figure by passing a tracer around the boundary line." Webster's Third New International Dictionary 1731 (1961).

[3] OCGA § 44-6-166.

phrase of caution that indicates some uncertainty in the mind of the transferor regarding the exact measurements of the area conveyed,[4] and because the deeds also excepted all easements from the conveyance, the deeds cannot be taken as proof that the Pinecrest tract contained exactly 288.885 acres. Moreover, although there was evidence that planimeters have a margin of error of plus or minus five percent, there was also testimony that if the property lines on which the planimeter is run are accurate, the planimeter will be generally accurate. In this regard, the appraiser testified that many deeds in Mitchell County contain "more or less" descriptions, and that he believed the Farm Services Agency aerial photographs from which the planimetering was done were accurate. In addition, two of the partitioners testified that, both from the appraisal and from Farm Services Agency records, they knew the number of acres on the Pinecrest tract that were the more expensive, cultivated acres, and that any disputed acres would be cheaper, woodland acres. One of them testified that if the Pinecrest tract were more than 245 acres, the difference in the appraised value because of the additional acres would be insignificant because the additional acres would represent cheap land. The other partitioner testified that the disputed acres were woodland acres, and that if the approximately twenty-three acre difference between the acres shown on the appraisal and those shown on the tax assessor's records[5] were added to the value of land to be awarded to the sibling appellees, the appellants would be awarded just under an additional one percent of the Beaver Heights tract. He added that the percentage adjustment would be slightly larger if the Pinecrest tract were actually 288.885 acres.

Having examined the foregoing evidence, we cannot conclude that the trial court clearly erred in finding that the partitioning was just and equal. The evidence showed a possibility that the Pinecrest tract awarded to the sibling appellees was understated by as much as 43 acres or was not understated at all. Moreover, there was evidence that if the Pinecrest acres awarded to the sibling appellees were overstated by 23 acres or even 43 acres, the percent of the Beaver Heights tract that would be added to the appellants' property as a consequence would not be significant. Accordingly, we conclude that the evidence authorized the trial court to find that the partitioning was just and equal.

2. The appellants contend that because OCGA § 44-6-164 provides that any division of property should "be in proportion to the shares claimed," it precluded, as a matter of law, a division of the two

---

[4] See Pindar, Georgia Real Estate Law & Procedure § 13-61 (5th ed. 1998).

[5] An employee of the local tax assessors' office testified that his office taxed the Pinecrest tract based on 268 acres.

tracts of land to different groups of siblings. The trial court, however, entered a finding of fact that the appellants agreed to the grouping at the beginning of the partitioning proceeding, and testimony at trial supports this finding. Accordingly, we must conclude that the appellants are barred from objecting to the grouping on appeal. Moreover, even if the appellants did not agree to the grouping, the specific contention regarding OCGA § 44-6-164 was not raised below, and therefore may not be raised on appeal.[6]

3. The appellants contend that the trial court erred by failing to order the sale of both tracts of land. More specifically, the appellants contend that the land contains so many different features – pine trees, pecan trees, etc. – that it could not be divided fairly.[7] We conclude, however, that the trial court did not abuse its discretion in ruling to the contrary.[8]

4. The appellants contend that the appraisals of the Beaver Heights and Pinecrest tracts were erroneous and that the trial court therefore erred in adopting the recommendation of the partitioners. The appellants primarily rely on the fact that the tax-assessed values of the two tracts differed significantly from the appraisal values. We conclude, however, that this simple difference in values, without any evidence demonstrating why the values in the appraisals in question were flawed and the tax-assessed values were not, is an insufficient basis on which to conclude that the appraisals should not have been followed by the trial court. The trial court had the appraisals before it for review, and we cannot conclude, on the record before us, that the trial court clearly erred in finding that the appraisals represented fair values for the properties in question.

5. There was evidence that Mr. Palmer, one of the partitioners, provided comparable sales information to the appraiser for him to use in determining the value of the Beaver Heights and Pinecrest tracts. The appellants contend that the fact that Mr. Palmer provided such information would make him favorably inclined to approve the appraisals and that the partitioners therefore erred by relying solely on those appraisals in making their decision. Although the appraiser testified that Mr. Palmer provided him with some comparable sales information, the appellants did not object to the partitioning before the trial court on the ground that Palmer had a conflict of interest that tainted the appraisals. Accordingly, the appellants are procedurally barred from raising this issue on appeal.[9]

---

[6] *Patel v. Patel*, 276 Ga. 266, 269 (2) (577 SE2d 587) (2003); *Huntley v. State*, 271 Ga. 227, 230 (518 SE2d 890) (1999).

[7] See OCGA § 44-6-166.1.

[8] See *Jennings v. Jennings*, 173 Ga. 428, 433-434 (160 SE 405) (1931).

[9] *Patel*, 276 Ga. at 269; *Huntley*, 271 Ga. at 230.

6. Finally, the appellants contend that the recommendation of the partitioners should not have been approved by the trial court because the oath given to the partitioners was incomplete and was not notarized. The appellants, however, are procedurally barred from raising this issue, as they failed to raise it before the trial court.[10]

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 2, 2003.

*Randall E. Chew, Collier & Gamble, Wilbur T. Gamble III*, for appellants.

*Twitty & Bankston, Michael L. Bankston, William F. Tyson, Jr.*, for appellees.

---

[10] *Patel*, 276 Ga. at 269; *Huntley*, 271 Ga. at 230.