

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-08-00023-CV
_____


RAFFAELE M. PANDOZY, Appellant

V.

MARY ANN BEATY, Appellee


On Appeal from the 101st Judicial District Court
Dallas County, Texas
Trial Court No. DC-03-05712-E


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Raffaele M. Pandozy has filed an appeal that states it is from the issuance of five different orders in connection with his lawsuit against his former wife's attorney. We quote from his notice of appeal below. It states that he is appealing from:

1. Order Holding Respondent [Pandozy] in Contempt and for Commitment to County Jail, signed on July 23, 2007.
2. Order of Attachment, signed on July 17, 2007
3. Turnover Order, signed on July 17, 2007
4. Order Declaring 'Raffaele M. Pandozy a Vexatious Litigant, signed on July 17, 2007.
5. Order Denying Motion to Sever Judgment of December 4, 2003, signed on August 28, 2007.

The judgment of dismissal of the underlying action was signed on December 4, 2003. This notice of appeal was filed four years later, on October 15, 2007. As in any case, the first question is whether we have jurisdiction over the appeal.

Generally, only final decisions of trial courts are appealable. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex. 1985); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.012 (Vernon 1997) (final judgment of district and county courts). Some appeals from particular types of interlocutory orders have also been authorized by the Legislature. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Vernon Supp. 2007). Therefore, appeals can generally be taken only from final judgments and appealable interlocutory orders. *Lehmann*, 39 S.W.3d at 195. Generally, if an order is not either a final judgment, or one from which the Legislature has authorized appeal, we have no authority to review the court's ruling.

2

In this case, there are two separate problems. The first involves the appellate timetable and the timeliness of any attempted appeal, either from the judgment or from later orders, while the second involves the question of whether any of the 2007 orders are individually appealable.

It is clear that if this is an attempt to appeal from the 2003 judgment, it is untimely brought, and we may not address it.[1] The notice of appeal also refers to several separate orders within its body, and reading it liberally, we will also look to see whether any appeal from these orders is properly within our jurisdiction to consider. These are all orders entered post-judgment in the underlying proceeding.

## 1)     The Order of Contempt, Signed July 23, 2007

On August 31, 2007, Pandozy filed a request seeking the entry of findings of fact and conclusions of law on an August 22 judgment. There is no August 22 judgment. However, the request goes on to specifically seek findings on Pandozy's motion to sever the December 4, 2003, judgment, motion to set aside the judgment for contempt, and his motion for a protective order against production, and to quash depositions. The request was not filed within twenty days of the date on which the order of contempt was signed, and, thus, an appeal from that order is not timely.[2]

However, regardless of timeliness, in Texas there is no appeal from an order holding a person in contempt that involves jail time, as does this one. *Ex parte Williams*, 690 S.W.2d 243 n.1 (Tex.

---

[1]TEX. R. APP. P. 26.1.

[2]*See* TEX. R. APP. P. 26.1(a)(4).

1985); *Ex parte Cardwell*, 416 S.W.2d 382, 384 (Tex. 1967); *Saenz v. Saenz*, 756 S.W.2d 93, 95 (Tex. App.—San Antonio 1988, no writ). Relief is available only through an application for writ of habeas corpus. *Grimes v. Grimes*, 706 S.W.2d 340, 343 (Tex. App.—San Antonio 1986, writ dism'd) (citing *Wagner v. Warnash*, 156 Tex. 334, 295 S.W.2d 890, 893 (1956)). Contempt orders that do not involve confinement may be reviewed only through mandamus. *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding); *Tracy v. Tracy*, 219 S.W.3d 527, 530 (Tex. App.—Dallas 2007, no pet.).

For either of these alternative reasons, no appeal from the 2007 contempt order can be properly considered by this Court.

**2)      Order of Attachment [Directing that he be brought before the court—Pandozy failed to appear], Signed on July 17, 2007**

Pandozy's August 31, 2007, request for findings of fact does not reference this order in any respect. Thus, it could not serve to extend the appellate timetable, and even if the order was one that was appealable, the notice of appeal was filed nearly ninety days after the order was signed, and thus would clearly be untimely.[3] The untimely filed notice of appeal could thus not serve to invoke the jurisdiction of this Court.

---

[3]*See* TEX. R. APP. P. 26.1.

4

**3)       Turnover Order, Signed July 17, 2007**

Pandozy's August 31, 2007, request for findings of fact does not reference the turnover order in any respect, and did not serve to extend the appellate timetable for that order.[4] The notice of appeal was filed nearly ninety days after the turnover order was signed, and thus, under any combination of circumstances, was untimely. Therefore, we also lack jurisdiction over this portion of Pandozy's appeal. Even had the notice of appeal been timely filed, Pandozy states in his brief that he paid the sums due under the judgment that were the basis for the turnover order. Accordingly, the issue of its correctness is now moot. *See Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006).

**4)       Order Declaring Pandozy "Vexatious Litigant," Signed July 17, 2007**

Yet again, the request for findings of fact does not seek any findings concerning the order dated July 17, 2007, nor does it state that it is a request for such findings in any regard. Assuming that it was a separate, appealable order, the time for filing a notice of appeal expired on August 18, 2007.[5] The notice of appeal was untimely, and we do not have jurisdiction over the appeal.

---

[4]As a general rule, turnover orders are final, appealable orders. *See Burns v. Miller, Hiersche, Martens & Hayward, P.C.*, 909 S.W.2d 505, 506 (Tex. 1995); *In re Hamel*, 180 S.W.3d 226, 229 (Tex. App.—San Antonio 2005, orig. proceeding).

[5]TEX. R. APP. P. 26.1.

**5)      Order Denying Motion to Sever Judgment of December 4, 2003, Signed August 28, 2007**

Pandozy's request for findings of fact does not refer to this order in any respect.  Thus, even were this order appealable, any notice of appeal was required to be filed no later than thirty days after that date:  September 28, 2007.[6]  The notice of appeal was filed on October 15.  The notice of appeal was untimely and was also not filed within the potential grace period for late filing.

We have no jurisdiction over any aspect of this attempted appeal.

We dismiss the appeal for want of jurisdiction.


Bailey C. Moseley
Justice


Date Submitted:      March 13, 2008
Date Decided:        March 14, 2008

---

[6]TEX. R. APP. P. 26.1.